JASON D. RUSSELL (SBN 169219)
Jason.Russell@skadden.com
HILLARY A. HAMILTON (SBN 218233)
Hillary.Hamilton@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JAMES Y. PAK (SBN 304563)
James.Pak@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:(650) 470-4500
Facsimile: (650) 470-4570

OF COUNSEL:
MICHAEL W. MCTIGUE
Michael.McTigue@skadden.com
MEREDITH C. SLAWE
Meredith.Slawe@skadden.com
COLM P. MCINERNEY
Colm.McInerney@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendant, Dollar Tree Stores, Inc*.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MARCO WALSH, HOWARD YOSHA, and ERICA MALDONADO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DOLLAR TREE STORES, INC.,

Defendant.

Case No.: 5:25-cv-01601-SVK

**DOLLAR TREE STORES, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT AND MOTION TO TRANSFER CLASS ACTION COMPLAINT**

Hearing Date: July 29, 2025
Hearing Time: 10 a.m.
Judge: Hon. Judge Susan van Keulen

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, Defendant Dollar Tree Stores, Inc. ("Dollar Tree") hereby requests that that Court take judicial notice of the following documents submitted in connection with its concurrently filed Motion to Dismiss Class Action Complaint ("Motion to Dismiss") and Motion to Transfer Class Action Complaint ("Motion to Transfer"). The documents are attached as exhibits to the Declaration of James Y. Pak, dated April 29, 2025 ("Pak Declaration" or "Pak Decl.") and the Declaration of Daniel Bowman, dated April 29, 2025 ("Bowman Declaration" or "Bowman Decl."), respectively, which accompany the motions, and are as follows:

- **Exhibit 1 to the Pak Declaration:** A true and correct copy of an online solicitation run by Plaintiffs' counsel, Gutride Safier LLP ("Plaintiffs' Counsel"), on various Meta platforms such as Facebook, Instagram, and Messenger starting on August 14, 2024, entitled "Dollar Tree Privacy Violations," asserting that "[i] you visited dollartree.com within the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation." The solicitation was also accessible on the Facebook Ad Library, available at https://www.facebook.com/ads/library. The solicitation contains a "Learn more" link that brought web users to a claims form on Plaintiffs' Counsel's website.
- **Exhibit 2 to the Pak Declaration:** A true and correct copy of the online claims form linked to Plaintiffs' Counsel's "Dollar Tree Privacy Violations" solicitation (Exhibit 1 referenced above). This claims form remains publicly available at https://www.gutridesafier.com/investigations/dollartree2-privacy/1410.
- **Exhibit 3 to the Pak Declaration:** A true and correct copy of an online solicitation run by Plaintiffs' Counsel on various Meta platforms such as Facebook, Instagram, and Messenger starting on March 26, 2025, entitled "Familydollar.com Privacy Violations," asserting that "[i] you visited www.familydollar.com within the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation." The solicitation was also accessible on the Facebook Ad Library, available at https://www.facebook.com/ads/library. The solicitation contains a "Learn more" link that brought web users to a claims form on Plaintiffs' Counsel's website.

- **Exhibit 4 to the Pak Declaration:** A true and correct copy of the online claims form linked to Plaintiffs' Counsel's "Familydollar.com Privacy Violations" solicitation (Exhibit 3 referenced above). This claims form remains publicly available at https://www.gutridesafier.com/investigations/familydollar-privacy/1494.
- **Exhibit 5 to the Pak Declaration:** A true and correct copy of the Facebook Ad Library webpage showing six online solicitations that Plaintiffs' Counsel is presently running on various Meta platforms such as Facebook, Instagram, and Messenger, relating to alleged "Privacy Violations" involving the following websites: autozone.com, dodge.com, einsteinbros.com, papajohns.com, t-mobile.com, and ulta.com. Each solicitation asserts that if the user "visited" the respective website in question "within the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation." The solicitations are accessible at https://www.facebook.com/ads/library/?active_status=active&ad_type=all&country=US&is_targeted_country=false&media_type=all&search_type=page&view_all_page_id=138831732944356. Each solicitation contains a "Learn more" link that brings web users to a claims form on Plaintiffs' Counsel's website.
- **Exhibit 6 to the Pak Declaration:** A true and correct copy of 62 additional online solicitations that Plaintiffs' Counsel ran on various Meta platforms such as Facebook, Instagram, and Messenger at various times from January 2024 onwards, relating to alleged "Privacy Violations" involving various websites.[1] Each solicitation asserts that if the user "visited" the respective website in question "within the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation." The

[1] The websites referenced in these solicitations are: bananaboat.com, bcbg.com, bulletproof.com, callawaygolf.com, clearme.com, clubmonaco.com, chick-fil-a.com, curology.com, doritos.com, earthbest.com, elietahari.com, equinox.com, getcarefree.com, gianteagle.com, hawaiiantropic.com, honest.com, ibtimes.com, johnstonmurphy.com, jordans.com, justinbiebermusic.com, kendrascott.com, kfc.com, lehmans.com, lindtusa.com, longchamp.com, manna.com, mapmyrun.com, medscape.com, merrell.com, michaels.com, mielleorganics.com, musixmatch.com, nathansports.com, nbcstore.com, neutrogena.com, outsideonline.com, peets.com, personalizationmall.com, pitchbook.com, ratebeer.com, redken.com, rentacenter.com, salomon.com, samash.com, schick.com, sherwin-williams.com, solsticesunglasses.com, sunglasshut.com, talbots.com, thekitchn.com, tissotwatches.com, t-mobile.com, torrid.com, travelers.com, underarmour.com (two separate solicitations), verabradley.com, vincecamuto.com, webmd.com, wetones.com, 1800flowers.com, and 1800gotjunk.com.

solicitations were also accessible on the Facebook Ad Library, available at https://www.facebook.com/ads/library. Each solicitation contains a "Learn more" link that brought web users to a claims form on Plaintiffs' Counsel's website.

- **Exhibit 7 to the Pak Declaration:** A true and correct redacted copy of the Final Award, dated March 13, 2025, in an arbitration that Plaintiffs' Counsel brought against Dollar Tree, AAA Case No. 01-24-0000-2537, asserting substantially similar underlying claims to the present action.
- **Exhibit 8 to the Pak Declaration:** A true and correct redacted copy of the Ruling on Dispositive Motion and Interim Award, dated January 15, 2025, in that same arbitration, AAA Case No. 01-24-0000-2537.
- **Exhibit 9 to the Pak Declaration:** A true and correct redacted copy of the Demand For Arbitration and Complaint and Demand For Arbitration, dated November 12, 2024, submitted by Plaintiffs' Counsel in another arbitration that it brought against Dollar Tree, AAA Case No. 01-24-0008-6980, asserting the existence of an underlying dispute related to the placement of purported tracking cookies.[2]
- **Exhibit 1 to the Bowman Declaration:** A true and correct copy of the Dollar Tree website's current Privacy Policy, effective January 1, 2025 ("Privacy Policy"), available at https://www.dollartree.com/privacy-policy/.
- **Exhibit 2 to the Bowman Declaration:** A true and correct copy of the Dollar Tree website's Terms & Conditions ("Terms"), effective August 23, 2024, available at https://www.dollartree.com/terms/.
- **Exhibit 3 to the Bowman Declaration:** A true and correct copy of a screenshot of the Dollar Tree website's homepage, available at https://www.dollartree.com/, showing the hyperlinks to both the Privacy Policy and Terms.

[2] While there are no confidentiality restrictions relating to Exhibits 7-9, because the claimant in the arbitration referenced in Exhibits 7-8 and the claimant in the arbitration referenced in Exhibit 9 are not any of the named Plaintiffs in the present action, out of an abundance of caution Dollar Tree has redacted those claimants' names in the exhibits.

**ARGUMENT**

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is not subject to reasonable dispute, as it is either (1) "generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).[3] "[F]acts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see also* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). District courts may also "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Tellabs, Inc. v. Major Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (holding "courts must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in ruling on Rule 12(b)(6) motions).

Dollar Tree requests that, for purposes of its Motion to Dismiss, the Court: (i) take judicial notice of Plaintiffs' Counsel's online solicitations (Pak Decl. Exs. 1, 3, 5, 6) and the online claims form linked to those solicitations (*id.*, Exs. 2 & 4), and the Dollar Tree website's Terms, Privacy Policy, and website screenshot (Bowman Decl. Exs. 1-3) because they are publicly available documents and, in the case of the Dollar Tree website Terms, Privacy Policy, and website screenshot, are also incorporated by reference in the Complaint; and (ii) take judicial notice of the arbitral awards and demand for arbitration from other arbitrations brought by Plaintiffs' Counsel against Dollar Tree on the same underlying claims (Pak Decl. Exs. 7-9) because they are documents of public record.

Dollar Tree further requests that the Court also take judicial notice of the Dollar Tree website, website Terms (including the forum-selection clause contained therein), and website Privacy Policy for purposes of its Motion to Transfer. *See Howards v. Fifth Third Bank*, 2018 WL 7890667, at *1 n.1 (C.D. Cal. Dec. 7, 2018) ("Courts may consider facts outside the pleadings when ruling on motions to transfer brought under 28 U.S.C. § 1404.").

---

[3] Unless otherwise noted, all emphases are added, and all citations, footnotes, original alterations, and internal quotation marks are omitted from all quoted material.

## I. THE COURT MAY TAKE JUDICIAL NOTICE OF PLAINTIFFS' COUNSEL'S SOLICITATIONS AND THE DOLLAR TREE WEBSITE, PRIVACY POLICY, AND TERMS BECAUSE THEY ARE PUBLICLY AVAILABLE DOCUMENTS

Courts routinely hold that the contents of websites, where publicly available, may be judicially noticed, including where the websites are hosted by third parties. *See e.g.*, *Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1164 n.11 (9th Cir. 2022) (granting request for judicial notice of "several photographs available on [defendant's] website"); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145-46 (N.D. Cal. 2020) (judicially noticing screenshots and printouts of "websites of the parties and other third parties not involved in this lawsuit, social media websites, and information and news websites"); *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1062-63 (S.D. Cal. 2019) (taking judicial notice of "Defendant's advertisements" which "are on publicly available websites" including "Amazon.com"); *Pac. Overlander, LLC v. Kauai Overlander*, 2018 WL 3821070 (N.D. Cal. Aug. 10, 2018) (taking judicial notice of defendant's website, print-outs of defendant's Instagram account, and print-outs of Google reviews); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) ("Proper subjects of judicial notice when ruling on a motion to dismiss include . . . publically accessible websites."); *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) (noting that "as a general matter, websites and their contents may be proper subjects for judicial notice").

Plaintiffs' Counsel's online solicitations (Pak Decl. Exs. 1, 3, 5, 6)—including those solicitations mentioning dollartree.com and familydollar.com—are or previously have been publicly available on various Meta platforms such as Facebook, Instagram, and Messenger and were also accessible on the Facebook Ad Library, available at https://www.facebook.com/ads/library. The online claims forms that those solicitations linked to (*id.*, Exs. 2 & 4) are also publicly available on Plaintiffs' Counsel's website. In turn, the Dollar Tree website and the website's Privacy Policy and Terms (Bowman Decl. Exs. 1-3) are publicly available on the www.dollartree.com website. The Court may thus take judicial notice of these documents. Indeed, Plaintiffs' Counsel recently filed a Request For Judicial Notice relating to a pending motion to dismiss in another case in the Northern District of California, where it requested that the court take judicial notice of certain web pages. *See Gabrielli v. Upbound Grp., Inc.*, No. 4:25-cv-00631-HSG (N.D. Cal.), ECF No. 22. Plaintiffs'

Counsel asserted that "'[w]ebsites and their contents may be proper subjects for judicial notice.'" *Id.* (quoting *Love v. Int'l Hotel Assocs. No. 2 LLC*, 2021 WL 4482106, at *2 (N.D. Cal. Sept. 30, 2021)).

The Court may take judicial notice of these documents even though the facts contained in the documents may be subject to dispute. *See Threshold Enters. Ltd.*, 445 F. Supp. 3d at 146 ("To the extent the Court takes judicial notice that these documents contain certain information, the Court notices only the fact that the documents contain the referenced content. The Court does not take judicial notice of the truth of that content."); *Pac. Overlander, LLC*, 2018 WL 3821070 at *2 ("The Court therefore takes judicial notice of the Defendant's website, the print-outs of the Instagram account, and the print-outs of the Google reviews, but not for the truth of the contents therein.").[4]

## II. THE COURT MAY ALSO TAKE JUDICIAL NOTICE OF THE DOLLAR TREE WEBSITE, PRIVACY POLICY, AND TERMS BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE COMPLAINT

Under the "incorporation by reference" doctrine in the Ninth Circuit, courts "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "A court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160-61 (9th Cir. 2012) (holding district court properly incorporated website disclosures by reference over plaintiff's objection, because "having based his allegations on the contents and appearance of the Important Terms & Disclosure Statement, [plaintiff] can hardly complain when [d]efendants refer to the same information in their defense").[5]

The Dollar Tree website's Privacy Policy (Bowman Declaration Exhibit 1), Terms (*id.*, Exhibit 2), and homepage (*id.*, Exhibit 3) are incorporated by reference into the Complaint. The Complaint frequently quotes Dollar Tree's Privacy Policy and refers to Dollar Tree's website. (*See* Compl. ¶¶ 25, 37, 184-85.) The Privacy Policy references the Terms. (Bowman Decl. Ex. 1 (Privacy

---

[4] In this regard, Dollar Tree disagrees with the assertions contained within Plaintiffs' Counsel's solicitations that it engaged in any "Privacy Violations" but it does not dispute the fact of the solicitations themselves.

[5] Furthermore, as noted in Dollar Tree's Motion to Transfer, "Courts may consider facts outside the pleadings when ruling on motions to transfer brought under 28 U.S.C. § 1404." *Howards*, 2018 WL 7890667, at *1 n.1.

Policy) at 8.) The Terms, in turn, explicitly reference the Privacy Policy. (*See id*., Ex. 2 (Terms) at 4.)

Courts regularly consider records of websites as incorporated by reference, particularly where the website representations are referenced in the operative complaint. *See, e.g.*, *Knievel*, 393 F.3d at 1076-77 (considering copies of "the surrounding pages on the ESPN.com website . . . attached to ESPN's motion to dismiss . . . . under the 'incorporation by reference' doctrine" where plaintiffs "attached to their complaint only the [web page] that they argue was defamatory, and they do not allege or describe the contents of the surrounding pages in their complaint"); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (considering "information posted on certain . . . web pages that [p]laintiffs referenced in the [c]omplaint" on motion to dismiss because they were incorporated when "[p]laintiffs directly quoted the material posted on these web pages"); *Freund v. HP, Inc.*, 2023 WL 5184140, at *3, n.1 (N.D. Cal. Aug. 10, 2023) (where plaintiff "used information from a webpage to support his complaint, incorporation by reference [was] a 'proper vehicle' to consider printouts of the webpage on a motion to dismiss"); *Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052, 1055, n.3 (N.D. Cal. 2022) ("Because Meta's Terms of Use form the basis of the FAC, they are subject to incorporation by reference.").

The Complaint also extensively cites and relies on the Privacy Policy, alleging that the Privacy Policy "contains enforceable promises" that form the basis for Plaintiffs' breach of contract claims. (*See* Compl. ¶¶ 184-85.) *See, e.g.*, *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1080 (N.D. Cal. 2022) ("The complaint incorporates by reference [defendant's] Privacy Policy. Plaintiffs cite extensively to the Policy, and it forms the basis of their fraud and contract claims.").

Dollar Tree's Terms may likewise be incorporated by reference as part of an additional writing that, together with the Privacy Policy, makes up a part of the same transaction. *See Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, 2011 WL 13153247, at *7 (N.D. Cal. Mar. 17, 2011) ("California courts will consider multiple writings between the relevant parties together and apply them as a whole where they make up parts of the same transaction."); *see also* Cal. Civ. Code

§ 1642 ("Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together.").[6]

The Court may take judicial notice of the Terms for the additional reason that they contain a forum-selection clause, relevant to Dollar Tree's Motion to Transfer. (*See* Bowman Decl. Ex. 2 § 16 (providing for "exclusive jurisdiction" within the "federal and state courts encompassing the city of Norfolk, Virginia for purposes of any Dispute.").) Courts regularly take judicial notice of contracts and other documents containing forum-selection clauses when considering motions to transfer. *See, e.g.*, *Homelink Int'l Inc. v. Zhang*, 2024 WL 4197634, at *25 (N.D. Cal. Sept. 12, 2024) (taking judicial notice of four agreements between the parties, each with a forum selection clause); *Krystal, Inc. v. China United Transp., Inc.*, No. 16-02406, 2017 WL 6940544, at *2-3 (C.D. Cal. Apr. 12, 2017) (taking judicial notice of bill of lading containing forum-selection clause).

## III. THE COURT MAY TAKE JUDICIAL NOTICE OF THE ARBITRATION AWARDS AND SUBMISSIONS BECAUSE THEY ARE DOCUMENTS OF PUBLIC RECORD

Courts routinely take judicial notice of decisions, complaints, and other pleadings filed in separate federal and state court actions, because they are matters of public record and not subject to reasonable dispute. *See, e.g.*, *Transplace Int'l, Inc. v. Motorcar Parts of Am.*, 2017 WL 3081688, at *3 (C.D. Cal. Feb. 17, 2017) ("Courts may 'take judicial notice of filing and pleadings in other cases, even where filed in different courts, as such documents are a matter of public record and not subject to reasonable dispute.'"). Courts also regularly take judicial notice of arbitration awards and filings when considering motions to dismiss, for the same reason: they are also matters of public record and not subject to reasonable dispute. *See, e.g.*, *Klahn v. Quizmark, LLC*, 2013 WL 4605873, at *1, n.4 (N.D. Cal. Aug. 28, 2013) ("The arbitration award is a fact 'that is not subject to reasonable dispute,' *see* Fed.R.Evid. 201, and, as such, likewise is subject to judicial notice."); *Chandler v. State Bar of Cal.*, No. C 08-00437 CRB, 2008 WL 901865, at *1 (N.D.Cal. Mar. 31, 2008) (taking judicial notice of arbitral award); *Tavenner v. Int'l Bus. Machs. Corp.*, 2022 WL 4449215, at *3 (S.D.N.Y. Sept. 23, 2022) (taking notice of arbitration award exhibited with a motion to dismiss and stating:

[6] As discussed *supra* at 6, the Privacy Policy and Terms also both refer to the other in multiple places.

"Pursuant to [Fed. R. Evid. 201(b)], 'courts have regularly taken judicial notice of arbitration awards . . . in considering a motion to dismiss'").

Exhibits 7 and 8 to the Pak Declaration are the Final Award and Interim Award issued by the arbitrator in a prior arbitration that Plaintiffs' Counsel brought against Dollar Tree asserting substantially similar underlying claims to the present action. Exhibit 9 to the Pak Declaration is the demand for arbitration submitted by Plaintiffs' Counsel in another arbitration that it commenced against Dollar Tree asserting substantially similar underlying claims to the present action. These documents are judicially noticeable as documents of public record.

**CONCLUSION**

For the reasons discussed herein, Dollar Tree respectfully requests that the Court take judicial notice of Exhibits 1 to 9 to the Pak Declaration and Exhibits 1 to 3 to the Bowman Declaration.

DATED: April 29, 2025 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Jason D. Russell*
Jason D. Russell