JASON D. RUSSELL (SBN 169219)
Jason.Russell@skadden.com
HILLARY A. HAMILTON (SBN 218233)
Hillary.Hamilton@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JAMES Y. PAK (SBN 304563)
James.Pak@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:(650) 470-4500
Facsimile: Facsimile: (650) 470-4570

OF COUNSEL:
MICHAEL W. MCTIGUE
Michael.McTigue@skadden.com
MEREDITH C. SLAWE
Meredith.Slawe@skadden.com
COLM P. MCINERNEY
Colm.McInerney@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendant,*
*Dollar Tree Stores, Inc*.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARCO WALSH, HOWARD YOSHA, and ERICA MALDONADO, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | Case No. 5:25-cv-01601-SVK<br><br>**DECLARATION OF JAMES Y. PAK**<br><br>Hearing Date: July 29, 2025<br>Hearing Time: 10 a.m.<br>Judge: Hon. Judge Susan van Keulen<br><br>Complaint Filed: February 14, 2025 |

**DECLARATION OF JAMES Y. PAK**

I, James Y. Pak, declare as follows:

1. I am an attorney admitted to practice before this Court and am counsel at Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for Defendant Dollar Tree Stores, Inc. ("Dollar Tree"). I submit this declaration in support of Dollar Tree's Motion to Dismiss Class Action Complaint, Dollar Tree's Motion to Transfer Class Action Complaint, and Request for Judicial Notice in support thereof, in the above-captioned action. I make this declaration based on my own personal knowledge and, if called upon to do so, could and would testify competently hereto.

2. Exhibit 1 is a true and correct copy of an online solicitation run by Plaintiffs' counsel, Gutride Safier LLP ("Plaintiffs' Counsel"), on various Meta platforms such as Facebook, Instagram, and Messenger starting on August 14, 2024, entitled "Dollar Tree Privacy Violations," asserting that "[i] you visited dollartree.com within the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation." The solicitation was also accessible on the Facebook Ad Library, available at https://www.facebook.com/ads/library. The solicitation contains a "Learn more" link that brought web users to a claims form on Plaintiffs' Counsel's website.

3. Exhibit 2 is a true and correct copy of the online claims form linked to Plaintiffs' Counsel's "Dollar Tree Privacy Violations" solicitation (Exhibit 1 referenced above). This claims form remains publicly available at https://www.gutridesafier.com/investigations/dollartree2-privacy/1410.

4. Exhibit 3 is a true and correct copy of an online solicitation run by Plaintiffs' Counsel on various Meta platforms such as Facebook, Instagram, and Messenger starting on March 26, 2025, entitled "Familydollar.com Privacy Violations," asserting that "[i] you visited www.familydollar.com within the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation." The solicitation was also accessible on the Facebook Ad Library, available at https://www.facebook.com/ads/library. The solicitation contains a "Learn more" link that brought web users to a claims form on Plaintiffs' Counsel's website.

5. Exhibit 4 is a true and correct copy of the online claims form linked to Plaintiffs' Counsel's "Familydollar.com Privacy Violations" solicitation (Exhibit 3 referenced above). This

claims form remains publicly available at https://www.gutridesafier.com/investigations/familydollar-privacy/1494.

6. Exhibit 5 is a true and correct copy of the Facebook Ad Library webpage showing six online solicitations that Plaintiffs' Counsel is presently running on various Meta platforms such as Facebook, Instagram, and Messenger, relating to alleged "Privacy Violations" involving the following websites: autozone.com, dodge.com, einsteinbros.com, papajohns.com, t-mobile.com, and ulta.com. Each solicitation asserts that if the user "visited" the respective website in question "within the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation." The solicitations are also accessible on the Facebook Ad Library, available at https://www.facebook.com/ads/library/?active_status=active&ad_type=all&country=US&is_targeted_country=false&media_type=all&search_type=page&view_all_page_id=138831732944356. Each solicitation contains a "Learn more" link that brings web users to a claims form on Plaintiffs' Counsel's website.

7. Exhibit 6 is a true and correct copy of 62 additional online solicitations that Plaintiffs' Counsel ran on various Meta platforms such as Facebook, Instagram, and Messenger at various times from January 2024 onwards, relating to alleged "Privacy Violations" involving various websites:[1] Each solicitation asserts that if the user "visited" the respective website in question "within the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation." The solicitations were also accessible on the Facebook Ad Library, available at https://www.facebook.com/ads/library. Each solicitation contains a "Learn more" link that brought web users to a claims form on Plaintiffs' Counsel's website.

---

[1] The websites referenced in these solicitations are: bananaboat.com, bcbg.com, bulletproof.com, callawaygolf.com, clearme.com, clubmonaco.com, chick-fil-a.com, curology.com, doritos.com, earthbest.com, elietahari.com, equinox.com, getcarefree.com, gianteagle.com, hawaiiantropic.com, honest.com, ibtimes.com, johnstonmurphy.com, jordans.com, justinbiebermusic.com, kendrascott.com, kfc.com, lehmans.com, lindtusa.com, longchamp.com, manna.com, mapmyrun.com, medscape.com, merrell.com, michaels.com, mielleorganics.com, musixmatch.com, nathansports.com, nbcstore.com, neutrogena.com, outsideonline.com, peets.com, personalizationmall.com, pitchbook.com, ratebeer.com, redken.com, rentacenter.com, salomon.com, samash.com, schick.com, sherwin-williams.com, solsticesunglasses.com, sunglasshut.com, talbots.com, thekitchn.com, tissotwatches.com, t-mobile.com, torrid.com, travelers.com, underarmour.com (two separate solicitations), verabradley.com, vincecamuto.com, webmd.com, wetones.com, 1800flowers.com, and 1800gotjunk.com.

8. Exhibit 7 is a true and correct redacted copy of the Final Award, dated March 13, 2025, in an arbitration that Plaintiffs' Counsel brought against Dollar Tree, AAA Case No. 01-24-0000-2537, asserting substantially similar underlying claims to the present action.

9. Exhibit 8 is a true and correct redacted copy of the Ruling On Dispositive Motion and Interim Award, dated January 15, 2025, in that same arbitration, AAA Case No. 01-24-0000-2537.

10. Exhibit 9 is a true and correct redacted copy of the Demand For Arbitration and Complaint and Demand For Arbitration, dated November 12, 2024, submitted by Plaintiffs' Counsel in another arbitration that it brought against Dollar Tree, AAA Case No. 01-24-0008-6980, asserting the existence of an underlying dispute related to the placement of purported tracking cookies.[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2025, at Palo Alto, California.

*/s/ James Y. Pak*
James Y. Pak

[2] While there are no confidentiality restrictions relating to Exhibits 7-9, because the claimant in the arbitration referenced in Exhibits 7-8 and the claimant in the arbitration referenced in Exhibit 9 are not any of the named Plaintiffs in the present action, out of an abundance of caution Dollar Tree has redacted those claimants' names in the exhibits.

# EXHIBIT 1

Plaintiffs' Counsel online solicitation entitled "Dollar Tree Privacy Violations," accessed at https://www.facebook.com/ads/library.

Library ID: 1596713724207757

Active

Started running on Aug 14, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 1596713724207757

If you visited dollartree.com within the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Dollar Tree Privacy Violations

If you visited dollartree.com within the last year using a Chrome browser, you may be the victim of privacy...

Learn more

# EXHIBIT 2

Plaintiffs' Counsel's online claims form linked to Plaintiffs' Counsel's "Dollar Tree Privacy Violations" solicitation, accessible at https://www.gutridesafier.com/investigations/dollartree2-privacy/1410.

GUTRIDE SAFIER LLP Attorneys Our Work News Search

Attorney Advertising

## Dollartree.com Privacy Violations



If you visited Dollartree.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. **(read more)**

To determine whether you are eligible to receive compensation, please fill out the form below. An attorney will confidentially review your submission at no cost to you.

If you would like to speak directly with a lawyer, please call Todd Kennedy at (415) 789-6390.

**Name**

**Email**

**Confirm Email**

**State of Residence**

(Select one)

**City**

**Occupation**

**When did you visit Dollartree.com?**

**Phone number (optional)**

**Comments (optional):**

☐ **Subscribe to our newsletter about new class actions**

Submit

Our attorneys are licensed in various jurisdictions including California, Colorado, Massachusetts, Missouri, New York, Oregon, Texas, and Washington. If necessary to file a claim on your behalf, we will associate with attorneys in your state. We will review confidentially the information you submit. Completing this form does not hire us as your attorneys. After we review your information, we will let you know if we can represent you.

© Gutride Safier LLP. Attorney advertising.Prior results do not guarantee similar outcomes. **Privacy Policy** **Terms of Use**

# EXHIBIT 3

Plaintiffs' Counsel online solicitation entitled "Familydollar.com Privacy Violations," accessed at https://www.facebook.com/ads/library.

Active

Library ID: 1488648542467404

Started running on Mar 26, 2025

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 1488648542467404

If you visited www.familydollar.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Familydollar.com Privacy Violations

If you visited www.familydollar.com during the last year using a Chrome browser, you may be the victim...

Learn more

# EXHIBIT 4

Plaintiffs' Counsel's online claims form linked to Plaintiffs' Counsel's "Familydollar.com Privacy Violations" solicitation, accessible at https://www.gutridesafier.com/investigations/familydollar-privacy/1494.

GUTRIDE SAFIER LLP    Attorneys    Our Work    News    Search

Attorney Advertising

## Familydollar.com Privacy Violations



If you visited www.familydollar.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation **(read more)**

To determine whether you are eligible to receive compensation, please fill out the form below. An attorney will confidentially review your submission at no cost to you.

If you would like to speak directly with a lawyer, please call Todd Kennedy at (415) 789-6390.

**Name**

**Email**

**Confirm Email**

**State of Residence**

(Select one)

**City**

**Occupation**

**When did you visit Familydollar.com?**

**Phone number (optional)**

**Comments (optional):**

☐ **Subscribe to our newsletter about new class actions**

Submit

Our attorneys are licensed in various jurisdictions including California, Colorado, Massachusetts, Missouri, New York, Oregon, Texas, and Washington. If necessary to file a claim on your behalf, we will associate with attorneys in your state. We will review confidentially the information you submit. Completing this form does not hire us as your attorneys. After we review your information, we will let you know if we can represent you.

© Gutride Safier LLP. Attorney advertising.Prior results do not guarantee similar outcomes. **Privacy Policy** **Terms of Use**

# EXHIBIT 5

Facebook Ad Library webpage showing six online solicitations that Plaintiffs' Counsel is presently running, relating to alleged "Privacy Violations" involving the following websites: ulta.com, autozone.com, dodge.com, einsteinbros.com, papajohns.com, and t-mobile.com.

The solicitations are accessible at https://www.facebook.com/ads/library/?active_status=active&ad_type=all&country=US &is_targeted_country=false&media_type=all&search_type=page&view_all_page_id=138831732944356.


Ad Library
https://www.facebook.com/ads/library/?active_status=active&ad_type=all&country=US&is_targeted_country=false&media_type=all&search_type=page&view_all_page_id=138831732944356
Meta
Ad Library
Ad Library Report
Ad Library API
Branded Content
United States
All ads
Gutride Safier LLP
Gutride Safier LLP
Ads
About
~7 results
Keyword
Filters
Active status: Active ads
Launched April 2025
Active
Library ID: 1005072305144774
Started running on Apr 24, 2025
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited www.papajohns.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Papajohns.com Privacy Violations
If you visited www.papajohns.com during the last year using a Chrome browser, you may be the victim of priva...
Learn more
Active
Library ID: 658865586883590
Started running on Apr 24, 2025
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited www.ulta.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Ulta.com Privacy Violations
If you visited www.ulta.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more
Active
Library ID: 632164836463266
Started running on Apr 24, 2025
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited www.einsteinbros.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Einsteinbros.com Privacy Violations
If you visited www.einsteinbros.com during the last year using a Chrome browser, you may be the victim of priva...
Learn more
Active
Library ID: 9130001337105522
Started running on Apr 23, 2025
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Autozone.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Autozone.com Privacy Violations
If you visited Autozone.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more
Active
Library ID: 645049068362367
Started running on Apr 23, 2025
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited T-Mobile.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
T-Mobile.com Privacy Violations
If you visited T-Mobile.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more
Active
Library ID: 2848037825406000
Started running on Apr 22, 2025
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited www.dodge.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Dodge.com Privacy Violations
If you visited www.dodge.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more
Active
Library ID: 1312140006554966
Started running on Apr 10, 2025
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you purchased a Birch latex mattress, you may be the victim of false advertising, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Birch Latex Mattresses - Not Actually "Natural" or Chemical Free
If you purchased a Birch latex mattress, you may be the victim of false advertising, and you may be entitled to...
Learn more
System status
Ad Library API
About ads and data use
Privacy
Terms
Cookies
Meta © 2025 | English (US)

# EXHIBIT 6

62 additional online solicitations that Plaintiffs' Counsel ran relating to alleged "Privacy Violations" involving the following websites:
bananaboat.com, bcbg.com, bulletproof.com, callawaygolf.com, chick-fil-a.com, clearme.com, clubmonaco.com, curology.com, doritos.co
m, earthbest.com, elietahari.com, equinox.com, getcarefree.com, gianteagle.com, hawaiiantropic.com, honest.com, ibtimes.com, johnston
murphy.com, jordans.com, justinbiebermusic.com, kendrascott.com, kfc.com, lehmans.com, lindtusa.com, longchamp.com, manna.com, m
apmyrun.com, medscape.com, merrell.com, michaels.com, mielleorganics.com, musixmatch.com, nathansports.com, nbcstore.com, neutro
gena.com,outsideonline.com, peets.com, personalizationmall.com, pitchbook.com, ratebeer.com, redken.com, renta
center.com, salomon.com, samash.com, schick.com, sherwin-williams.com, solsticesunglasses.com, sunglasshut.com, talbots.com, thekitc
n.com, tissotwatches.com, t-mobile.com, torrid.com, travelers.com, underarmour.com, verabradley.com, vincecamuto.com, webmd.com,
wetones.com, 1800flowers.com, and 1800gotjunk.com.

The solicitations were also accessible on the Facebook Ad Library, available at https://www.facebook.com/ads/library

Library ID: 1038232251130954

Active

Started running on Sep 10, 2024

Platforms

See ad details

**Gutride Safier LLP**

Sponsored

If you visited bananaboat.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Bananaboat.com Privacy Violations

If you visited bananaboat.com during the last year using a Chrome browser, you may be the victim of privacy violation...

Learn more


Library ID: 469810285421455
Active
Started running on Jun 2, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited bcbg.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Bcbg.com Privacy Violations
If you visited bcbg.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more

Active

Library ID: 1314290679946720

Started running on Oct 22, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 1314290679946720

If you visited bulletproof.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Bulletproof.com Privacy Violations

If you visited bulletproof.com during the last year using a Chrome browser, you may be the victim of...

Learn more


Library ID: 550263224096854
Active
Started running on Sep 18, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited callawaygolf.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Callawaygolf.com Privacy Violations
If you visited callawaygolf.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Library ID: 1038785210991907

Active

Started running on Aug 29, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 1038785210991907

If you visited chick-fil-a.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Chick-fil-a.com Privacy Violations

If you visited chick-fil-a.com during the last year using a Chrome browser, you may be the victim of privacy...

Learn more


Active
Library ID: 1073226981151146
Started running on Dec 7, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited clearme.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Clearme.com Privacy Violations
If you visited clearme.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Library ID: 1096724474786853

Active

Started running on Feb 14, 2024

Platforms

**Gutride Safier LLP**
Sponsored
Library ID: 1096724474786853

If you visited www.clubmonaco.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM
Clubmonaco.com Privacy Violations
If you visited www.clubmonaco.com during the last year using a Chrome browser, you may be the victim...

Learn more


Library ID: 334392489514090
Active
Started running on Jun 4, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited curology.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Curology Privacy Violations
If you visited curology.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Active

Library ID: 2575222959335658

Started running on Dec 6, 2024

Platforms

See ad details

Gutride Safier LLP

Sponsored

If you visited doritos.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Doritos.com Privacy Violations

If you visited doritos.com during the last year using a Chrome browser, you may be the victim of privacy violation...

Learn more

Active

Library ID: 925507672861884

Started running on Apr 8, 2025

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 925507672861884

If you visited www.earthbest.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Earthbest.com Privacy Violations

If you visited www.earthbest.com during the last year using a Chrome browser, you may be the victim of...

Learn more


Library ID: 368626089451888
Active
Started running on Feb 14, 2024
Platforms
Gutride Safier LLP
Sponsored
Library ID: 368626089451888
If you visited www.elietahari.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Elietahari.com Privacy Violations
If you visited www.elietahari.com during the last year using a Chrome browser, you may be the victim of...
Learn more

Active

Library ID: 547920964388936

Started running on Oct 12, 2024

Platforms

See ad details

**Gutride Safier LLP**
Sponsored

If you visited equinox.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM
Equinox.com Privacy Violations
If you visited equinox.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to...

Learn more


Library ID: 1184074706037893
Active
Started running on Sep 10, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited getcarefree.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Getcarefree.com Privacy Violations
If you visited getcarefree.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Library ID: 2015025795561739

Active

Started running on Jul 11, 2024

Platforms

See ad details

**Gutride Safier LLP**

Sponsored

If you visited gianteagle.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Gianteagle.com Privacy Violations

If you visited gianteagle.com during the last year using a Chrome browser, you may be the victim of privacy violation...

Learn more


Library ID: 1056632539450467
Active
Started running on Sep 10, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited hawaiiantropic.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Hawaiiantropic.com Privacy Violations
If you visited hawaiiantropic.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Library ID: 1400281463911813

Active

Started running on Jan 9, 2024

Platforms

Gutride Safier LLP

Sponsored

Library ID: 1400281463911813

If you visited honest.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Honest.com Privacy Violations

If you visited honest.com during the last year using a Chrome browser, you may be the victim of privacy...

Learn more


Library ID: 1552756632315075
Active
Started running on Aug 29, 2024
Platforms
Gutride Safier LLP
Sponsored
Library ID: 1552756632315075
If you visited ibtimes.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Ibtimes.com Privacy Violations
If you visited ibtimes.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more


Library ID: 1982372638879312
Active
Started running on Jun 13, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Johnstonmurphy.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Johnstonmurphy.com Privacy Violations
If you visited Johnstonmurphy.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (read more)
Learn more


Library ID: 3708438942752958
Active
Started running on Sep 17, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited jordans.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Jordans.com Privacy Violations
If you visited jordans.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more


Active
Library ID: 1971269000064287
Started running on Nov 21, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Justinbiebermusic.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Justinbiebermusic.com Privacy Violations
If you visited Justinbiebermusic.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more


Library ID: 3769507946700443
Active
Started running on Jun 4, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited kendrascott.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Kendrascott.com Privacy Violations
If you visited kendrascott.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Library ID: 318998920669943

Active

Started running on Feb 20, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 318998920669943

If you visited www.kfc.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

KFC.com Privacy Violations

If you visited www.kfc.com during the last year using a Chrome browser, you may be the victim of privacy...

Learn more

Library ID: 859150595800325

Active

Started running on Aug 29, 2024

Platforms

**Gutride Safier LLP**
Sponsored
Library ID: 859150595800325

If you visited lehmans.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM
Lehmans.com Privacy Violations
If you visited lehmans.com during the last year using a Chrome browser, you may be the victim of privacy...

Learn more


Library ID: 360837189983664
Active
Started running on Jun 13, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Lindtusa.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Lindtusa.com Privacy Violations
If you visited Lindtusa.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more


Library ID: 7986098341421949
Active
Started running on Jun 4, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited LongChamp.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
LongChamp.com Privacy Violations
If you visited LongChamp.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more


Active
Library ID: 400860783106590
Started running on Nov 26, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited www.mapmyrun.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Mapmyrun.com Privacy Violations
If you visited www.mapmyrun.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more


Active
Library ID: 1094007279054898
Started running on Dec 6, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited michaels.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Michaels.com Privacy Violations
If you visited michaels.com during the last year using a Chrome browser, you may be the victim of privacy violation…
Learn more

Library ID: 773902141008724

Active

Started running on Mar 20, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 773902141008724

If you visited www.manna.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Manna.com Privacy Violations

If you visited www.manna.com during the last year using a Chrome browser, you may be the victim of...

Learn more


Library ID: 356525923943158
Active
Started running on Jul 11, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Medscape.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Medscape.com Privacy Violations
If you visited Medscape.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more


Library ID: 815907700186007
Active
Started running on Jun 13, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Merrell.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Merrell.com Privacy Violations
If you visited Merrell.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Library ID: 1073542587709628

Active

Started running on Jul 11, 2024

Platforms

See ad details

**Gutride Safier LLP**

Sponsored

If you visited Mielleorganics.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Mielleorganics.com Privacy Violations

If you visited Mielleorganics.com during the last year using a Chrome browser, you may be the victim of privacy violation...

Learn more


Library ID: 1167473287888866
Active
Started running on Aug 29, 2024
Platforms
Gutride Safier LLP
Sponsored
Library ID: 1167473287888866
If you visited musixmatch.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Musixmatch.com Privacy Violations
If you visited musixmatch.com during the last year using a Chrome browser, you may be the victim of...
Learn more


Library ID: 965667518595061
Active
Started running on Jun 2, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Nathansports.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
Nathansports.com Privacy Violations
If you visited Nathansports.com during the last year using a Chrome browser, you may be the victim of...
Learn more


Library ID: 936634564543775
Active
Started running on Feb 11, 2024
Platforms
Gutride Safier LLP
Sponsored
Library ID: 936634564543775
If you visited nbcstore.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Nbcstore.com Privacy Violations
If you visited nbcstore.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (read more)
Learn more


Active
Library ID: 1025197269381210
Started running on Nov 20, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited neutrogena.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Neutrogena.com Privacy Violations
If you visited neutrogena.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Library ID: 8636104659754268

Active

Started running on Aug 22, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 8636104659754268

If you visited www.outsideonline.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Outsideonline.com Privacy Violations

If you visited www.outsideonline.com during the last year using a Chrome browser, you may be the victim...

Learn more

Library ID: 1154514102630684

Active

Started running on Mar 5, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 1154514102630684

If you visited www.peets.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Peets.com Privacy Violations

If you visited www.peets.com during the last year using a Chrome browser, you may be the victim of...

Learn more


Active
Library ID: 1297604758059294
Started running on Nov 18, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited www.personalizationmall.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Personalizationmall.com Privacy Violations
If you visited www.personalizationmall.com during the last year using a Chrome browser, you may be the victim of...
Learn more


Library ID: 851002007177821
Active
Started running on Sep 17, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited pitchbook.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Pitchbook.com Privacy Violations
If you visited pitchbook.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Library ID: 1199515108043061

Active

Started running on Aug 29, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 1199515108043061

If you visited ratebeer.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Ratebeer.com Privacy Violations

If you visited ratebeer.com during the last year using a Chrome browser, you may be the victim of privacy...

Learn more


Library ID: 3780784092211167
Active
Started running on Jun 2, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Redken.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
Redken.com Privacy Violations
Learn more



Active
Library ID: 581705597594436
Started running on Nov 30, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited rentacenter.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Rentacenter.com Privacy Violations
If you visited rentacenter.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more


Library ID: 457847210195683
Active
Started running on Jun 2, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited salomon.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
Salomon.com Privacy Violations
If you visited salomon.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more


Library ID: 380132858377562
Active
Started running on Jun 13, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited samash.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Samash.com Privacy Violations
If you visited samash.com during the last year using a
Chrome browser, you may be the victim of privacy violation...
Learn more


Library ID: 400267503093620
Active
Started running on Sep 10, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited schick.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Schick.com Privacy Violations
If you visited schick.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Active

Library ID: 1073911540872764

Started running on Oct 24, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 1073911540872764

If you visited sherwin-williams.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Sherwin-williams.com Privacy Violations

If you visited sherwin-williams.com during the last year using a Chrome browser, you may be the victim...

Learn more


Library ID: 827904072113741
Active
Started running on Jun 4, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Solsticesunglasses.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Solstice Sunglasses Privacy Violations
If you visited Solsticesunglasses.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more

Library ID: 1770913383401081

Active

Started running on Jan 30, 2024

Platforms

See ad details

**Gutride Safier LLP**

Sponsored

If you visited www.sunglasshut.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Sunglasshut.com Privacy Violations

If you visited www.sunglasshut.com during the last year using a Chrome browser, you may be the victim of privacy...

Learn more


Library ID: 438885061885953
Active
Started running on Apr 11, 2024
Platforms
Gutride Safier LLP
Sponsored
Library ID: 438885061885953
If you visited www.talbots.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Talbots.com Privacy Violations
If you visited www.talbots.com during the last year using a Chrome browser, you may be the victim of...
Learn more


Library ID: 776124917925024
Active
Started running on Jun 13, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited Thekitchn.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Thekitchn.com Privacy Violations
If you visited Thekitchn.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

Library ID: 1055324009089329

Active

Started running on Feb 14, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 1055324009089329

If you visited www.tissotwatches.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

Tissotwatches.com Privacy Violations

If you visited www.tissotwatches.com during the last year using a Chrome browser, you may be the victim...

Learn more

Active

Library ID: 564376566079358

Started running on Oct 29, 2024

Platforms

**Gutride Safier LLP**

Sponsored

Library ID: 564376566079358

If you visited www.t-mobile.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM

T-Mobile.com Privacy Violations

If you visited www.t-mobile.com during the last year using a Chrome browser, you may be the victim of...

Learn more


Active
Library ID: 1132627438253277
Started running on Sep 21, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited www.torrid.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Torrid.com Privacy Violations
If you visited www.torrid.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be...
Learn more

Library ID: 808131361160999

Active

Started running on Aug 22, 2024

Platforms

**Gutride Safier LLP**
Sponsored
Library ID: 808131361160999

If you visited travelers.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)



GUTRIDESAFIER.COM
Travelers.com Privacy Violations
If you visited travelers.com during the last year using a Chrome browser, you may be the victim of privacy...

Learn more


Active
Library ID: 493730347157893
Started running on Nov 26, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited www.underarmour.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Underarmour.com Privacy Violations
If you visited www.underarmour.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more


Library ID: 781160274192097
Active
Started running on Jun 4, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited underarmour.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Underarmour.com Privacy Violations
If you visited underarmour.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more


Library ID: 942263757576209
Active
Started running on Apr 3, 2024
Platforms
Gutride Safier LLP
Sponsored
Library ID: 942263757576209
If you visited Verabradley.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Verabradley.com Privacy Violations
If you visited Verabradley.com during the last year using a Chrome browser, you may be the victim of...
Learn more


Library ID: 1385340178820460
Active
Started running on Jun 2, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited vincecamuto.com/en/us during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
Vincecamuto.com Privacy Violations
Learn more


Active
Library ID: 1388876492468118
Started running on Apr 9, 2025
Platforms
Gutride Safier LLP
Sponsored
Library ID: 1388876492468118
If you visited WebMD.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
WebMD.com Privacy Violations
If you visited www.webmd.com during the last year using a Chrome browser, you may be the victim of...
Learn more


Library ID: 368224806350559
Active
Started running on Sep 10, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited wetones.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
Wetones.com Privacy Violations
If you visited wetones.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more


Active
Library ID: 576688991395173
Started running on Nov 18, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited www.1800flowers.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
1800flowers.com Privacy Violations
If you visited www.1800flowers.com during the last year using a Chrome browser, you may be the victim of privacy...
Learn more


Library ID: 1245492696904098
Active
Started running on Sep 18, 2024
Platforms
See ad details
Gutride Safier LLP
Sponsored
If you visited 1800gotjunk.com during the last year using a Chrome browser, you may be the victim of privacy violations, and you may be entitled to compensation. (Attorney Advertising)
GUTRIDESAFIER.COM
1800gotjunk.com Privacy Violations
If you visited 1800gotjunk.com during the last year using a Chrome browser, you may be the victim of privacy violation...
Learn more

# EXHIBIT 7

Final Award, dated March 13, 2025, in arbitration *[Claimant A] v. Dollar Tree Stores, Inc.*, AAA Case No. 01-24-0000-2537

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**AMERICAN ARBITRATION ASSOCIATION**
**Consumer Arbitration Rules**

In the Matter of the Arbitration between

Case Number: 01-24-0000-2537

[redacted]
-vs-
Dollar Tree Stores, Inc.

**FINAL AWARD**

I, Ghada Audi, the UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated January 15, 2025, which is confirmed, adopted, and incorporated as if fully set forth herein, do hereby issue this FINAL AWARD as follows:

I. Post-Hearing Submissions on Attorneys' Fees and Costs

A. Procedural Posture

The parties were directed in by the Interim Order dated January 15, 2025, that the Respondent shall file and serve an accounting of such reasonable attorneys' fees and costs and any supporting documents related thereto within 7 days of the date of the Interim Award and that the Claimant shall submit any objections or responsive statements concerning the accounting submitted by the Respondent, and any supporting documents within 7 days of receiving the accounting from the Respondent.

On January 22, 2025, the Respondent submitted a Declaration of Meredith C. Slawe in Support of Respondent Dollar Tree Stores, Inc.'s Accounting of the Reasonable Attorneys' Fees and Costs That It Has Been Awarded Pursuant to the Interim Award ("Declaration") requesting the amount of $139,198.85 for fees and costs incurred in connection with: (i) preparing for and taking Claimant's deposition; and (ii) preparing the Opposition to Claimant's Non-Arbitrability Motion. The total amount of attorneys' fees and costs that the Respondent submitted for preparing for and taking the Claimant's deposition was $70,277.75, of which $67,221.00 are legal fees and $3,056.75 are related costs. This work included: (a) preparing for the deposition; (b) taking the deposition; and (c) costs incurred relating to the deposition (including court reporting and video-recording services and costs of booking a deposition site). The total amount of attorneys' fees and costs that the Respondent submitted for preparing its Opposition to the Claimant's Non-Arbitrability Motion was $68,921.10, all of which are legal fees. This work included: (a) reviewing the Claimant's Non-Arbitrability Motion and the legal authorities cited therein; (b) performing legal research in connection with preparing the Respondent's Opposition; and (c) preparing and submitting the Respondent's Opposition. (Declaration at 4-6).

The Claimant's submitted Claimant's Response to Respondent's Request for Fees; Declaration of Meredith Slawe ("Response") on January 29, 2025, contesting the Respondents' request for attorneys' fees. The Respondent submitted in addition to the Declaration and *ex parte* and without foundational agreement between the parties or by prior request to do so an Addendum to Declaration of Meredith C. Slawe in Support of Respondent Dollar Tree Stores, Inc.'s Accounting of the Reasonable Attorneys' Fees and Costs that it has been Awarded Pursuant to the Interim Award ("Addendum") with accompanying exhibits A-H. on January 22, 2025. The purported "Arbitrator's

Eyes Only" submission was deemed impermissible under the AAA Rules. The Arbitrator provided the submission to the Claimant on February 4, 2025, and the Claimant was granted an additional 7 days to provide a supplemental response/post-hearing submission which was received on February 11, 2025, the Claimant's Objections and Response to Respondent's Ex-Parte Submission ("Objections").

The Arbitrator declared the hearings closed on February 13, 2025.

B. Evaluation of the Parties Respective Positions

In opposing the Respondent's request for attorneys' fees and costs, the Claimant's argument is essentially that the amount of time Respondent's counsel spent on the case was "unreasonable," "outrageous" and "preposterous" under the circumstances and as presented the Respondents' attorneys' fees would produce an unreasonable award in proportion to the two-hour deposition of the Claimant and the opposition to the non-arbitrability motion. In effect, the Claimant claims not only a deficiency in the manner in which the invoices were described (i.e., block billing, excessive billing, and billing for unnecessary services), but also that an unjustified duplication of work took place that requires a reduction in the fees to be awarded to Respondents' counsel. (Response at 1-4; Objection at 1-6).

The Claimant raises that the Respondent's *ex parte* Addendum should be disregarded and deny the request for fees and costs as it is unsupported and contrary to established law. (Objection at 1).The Claimant maintains that the addendum and declaration "are still conclusory, include duplicative, block billing and the time billed and purported hourly rates requested are obscene." (Objection at 1). Additionally, the Claimant maintains that administrative tasks, paralegal time, and unrelated matters must be denied because they are not reimbursable as a matter of law. (Objection at 1, 6).

While the Arbitrator is not bound to accept all of the Claimant's arguments, however, for the avoidance of doubt, the Arbitrator does accept that where a party has a right to recovery of attorneys' fees, that party must prove the amount to the satisfaction of the Tribunal. It would have behooved Respondents' counsel to have made a justification as to the nature of the litigation and its significance, the skill required, and the novelty or difficulty of the questions involved, and the amount of time and labor required to do so, as well as document market rates in the locale. The burden is on the requesting party to produce evidence that the requested rates are in line with the "prevailing rates in the relevant community." *See Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). It was also unhelpful that almost the entirety of the Declaration's Exhibits A-C was redacted.

Indeed, the rehashing of the Respondent's eligibility for an award of attorneys' fees was unhelpful and gives the appearance of non-compliance with the Arbitrator's Interim Award. (Response at 1). Therefore, the Arbitrator is not inclined to take into consideration all of Claimant's objections in order to preserve the fairness, integrity, and efficiency of the proceeds pursuant to the Arbitrator's authority to do so under Rule R-23. Moreover, the Respondent's submission of an *ex parte* communication was also unhelpful and gives the appearance of non-compliance with the Arbitrator's Interim Award. As such, the Arbitrator pursuant to Rule R-52(c) may reject non-compliant communications.

C. Arbitrator's Findings on Respondent's Request for Attorney's Fees and Costs

The Arbitrator has scrutinized the award of attorneys' fees time records for such matters as duplication of services, administrative time billed, and excessive services in determining the reasonableness of the overall fee claimed by Respondents' counsel. Because it is unclear whether paralegal tasks have been undertaken for non-compensable administrative tasks or legal work, all paralegal time billed will be disallowed. *See Moriarty v. Am. Gen. Life Ins. Co.*, No. 17-CV-1709-BTM-WVG, 2022 U.S. Dist. LEXIS 159658, at *13-14 (S.D. Cal. Aug. 19, 2022).

The Arbitrator is of the opinion that block billing can be problematic. Even though a client may permit an attorney to group a day's time in a single entry, a detailed breakdown is a preferable means for providing an arbitral

tribunal with justification to support the attorneys' fee award. In addition, "Courts often frown upon block-billing and make reductions for such behavior." *See Hernandez v. FCA US LLC*, No. CV 17-5452-GW(ASx), 2019 U.S. Dist. LEXIS 134897, at *14-15 (C.D. Cal. Jan. 4, 2019). An arbitrator may assign a reasonable percentage to the block billed entries, disregard them altogether, or determine that other evidence is sufficient to substantiate the hours aside from the block billed entries.

Additionally, a reduction in fees is also appropriate when the arbitral tribunal cannot evaluate the reasonableness of the time spent on each task. The failure to maintain adequate time and billing records, or failure of the billing statements to clearly show the amount, rate, basis for the calculation or other method of determining the fees and costs charged may require the arbitrator to disallow some or all of the claimed charges based upon the inadequacy of the evidence supporting them. *See Clark v. Incomm Fin. Servs., Inc.*, No. EDCV 22-2839 JGB (SHKx), 2024 U.S. Dist. LEXIS 216626, at *13 (C.D. Cal. Nov. 8, 2024).

Balancing the foregoing with the following factors: (1) the Respondent's attorneys' fees request would have benefitted from additional justifications as set out above and (2) the Arbitrator's authority to draw an adverse inferences due to Claimant's post-Interim Award conduct and the Respondent's *ex parte* submission, the Arbitrator is justified in reducing (i) the invoiced attorneys' fees by 50%; (ii) disallowing all paralegal fees; and (iii) allowing associated costs in relation to the deposition in full.

## VI. Orders

Having reviewed the parties' relevant written submissions, declarations, and exhibits, and based upon the reasoning set forth above, the Arbitrator ORDERS:

1. Dollar Tree Stores, Inc.'s DISPOSITIVE MOTION seeking dismissal of [redacted] claims in full is GRANTED.

2. All of [redacted] claims against Dollar Tree Stores, Inc. are DISMISSED with prejudice.

3. [redacted] request for attorneys' fees and costs is DENIED.

4. Dollar Tree Stores, Inc. is GRANTED reasonable attorneys' fees and costs incurred in connection with (i) preparing for and taking Claimant's deposition in the amount of $28,791.00 and additional costs of $3,056.75; and (ii) preparing Dollar Tree's Opposition to Claimant's Non-Arbitrability Motion in the amount of $28,851.30 for a total of $60,699.05.

5. The administrative fees and expenses of the American Arbitration Association totaling $2,675.00 shall be borne as incurred, and the compensation and expenses of the arbitrator totaling $10,275.00 shall be borne as incurred.

This Final Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby DENIED.

March 13, 2025
Date

Ghada Audi, Arbitrator

# EXHIBIT 8

Ruling on Dispositive Motion and Interim Award, dated January 15, 2025, in arbitration *[Claimant A] v. Dollar Tree Stores, Inc.*, AAA Case No. 01-24-0000-2537

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**AMERICAN ARBITRATION ASSOCIATION**
**Consumer Arbitration Rules**

In the Matter of the Arbitration between

Case Number: 01-24-0000-2537

[redacted]
-vs-
Dollar Tree Stores, Inc.

**RULING ON DISPOSITIVE MOTION AND INTERIM AWARD**

I, Ghada Audi, the UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having fully reviewed and considered the written documents submitted to me by the parties, each represented by counsel, do hereby issue this Ruling on Dispositive Motion and INTERIM AWARD as follows:

I. Introduction and Procedural Posture

This matter comes before the Arbitrator on the Respondent Dollar Tree Stores, Inc.'s ("Dollar Tree") Dispositive Motion pursuant to the American Arbitration Association (AAA) Consumer Arbitration Rule R-33 and the Preliminary Hearing Management and Scheduling Order dated June 28, 2024.

The Respondent argues that the Claimant [redacted] claims should be dismissed because there is no evidence to support the central factual allegation in the Amended Demand. The Claimant contends that she has sufficient facts to meet the appropriate notice pleading standard and requests that the Arbitrator deny Respondent's motion and proceed to an evidentiary hearing on the merits.

At the First Preliminary Management Hearing held on June 27, 2024, the Claimant raised an objection to arbitrability as a preliminary matter and was granted leave to file a motion contesting arbitrability. A hearing on motion was set for September 16, 2024. The Report of Preliminary Management Hearing and Scheduling Order dated June 28, 2024, granted the parties the opportunity to propound discovery in relation to the Claimant's motion. The Claimant filed its opening submission ("Non-Arbitrability Motion") on July 11, 2024. Further to an unresolved discovery dispute related to the Respondent's request to depose the Claimant, the Arbitrator requested that the Respondent serve up to 15 interrogatories to the Claimant with the intended line of questions to be asked at a deposition. Pursuant to Procedural Order No. 3 dated August 12, 2024, and teleconference held on the same date, the Respondent was granted a one-half day, in person deposition of the Claimant. The parties requested further directions from the Arbitrator issued on August 21, 2024, as a dispute as to the date and location of the deposition ensued. Following a one-half day, in person deposition of the Claimant by the Respondent that took place on August 30, 2024, the Claimant withdrew the non-arbitrability motion on September 13, 2024.

Pursuant to the Report of Second Preliminary Management Hearing and Scheduling Order dated October 18, 2024, the Respondent was granted leave to file a dispositive motion seeking dismissal of all claims and attorneys' fees and costs in these proceedings. The Respondent filed its opening brief on October 30, 2024, followed by the Claimant opposition brief on November 22, 2024, and the Respondent's reply brief dated December 17, 2024.

Having reviewed the submissions, the Arbitrator is now prepared to rule on the Respondent's dispositive

motion seeking dismissal of all the Claimant's claims in this arbitration, as well as attorneys' fees, and costs related to opposing the Claimant's non-arbitrability motion and deposition of the Claimant.

II. Operative Facts and Chronology

This case was brought by an individual as the Claimant who purportedly visited Dollar Tree's website in 2023 and claims she rejected advertising cookies from the Dollar Tree website cookie consent banner but nevertheless received advertising cookies on her web browser. In the Claimant's First Amended Complaint and Demand for Arbitration ("Amended Demand" or "FAC"), the Claimant asks the Tribunal for a ruling on 14 claims The Claimant specifically alleged that "Claimant selected or clicked on the 'Reject Advertising Cookies' button." (Amended Demand at ¶ 46).

On July 27, 2024, the Claimant brought a non-arbitrability motion at the Preliminary Hearing. The Claimant's motion regarding non-arbitrability stated that she was not bound by the Dollar Tree Website's Terms & Conditions because it was an "unenforceable browsewrap agreement" and the Claimant did not have notice of it. (Claimant's Non-Arbitrability Motion at 6). Furthermore, the Claimant declared she visited Dollar Tree's website in 2023 but "did not make any purchases" and that she has "never purchased anything" from the website. (Declaration of [redacted] at ¶ 2).

The Claimant's Declaration further stated that she "did not, and ha[s] not ever, clicked on the Manage Cookies button on the Website." (Declaration of [redacted] at ¶ 4). This testimony in the Claimant's Declaration was inconsistent with the Amended Demand, which specifically alleged that "Claimant selected or clicked on the 'Reject Advertising Cookies' button. (Amended Demand at ¶ 46).

At the deposition of the Claimant on August 30, 2024, the Claimant was shown a printout indicating that on April 17, 2023, a purchase under the Claimant's name, home address and email address was made on Dollar Tree's website. The Claimant acknowledged the purchase record contained both her name, home address, and email address, as well as her landline number. Despite being shown the purchase record, Claimant testified that she could not recall making the purchase. (Mot. at 12-13, Exhibit 23). Additionally, the Claimant did not recognize the screen shot from a web browser purportedly depicting network activity between a web browser and third parties such as Google, Meta, and Bazaarvoice, apparently after the "Rejecting Advertising Cookies" button was clicked on. (Mot. at 17).

The Claimant did not testify at the deposition that she had a specific recollection of selecting the "Reject Advertising Cookies" button from the Dollar Tree website's cookie consent banner. In fact, the Claimant was only able to state that she remembered denying cookies purportedly as "part of what I do always." (Mot. at 17).

On September 13, 2024, the Claimant's counsel conceded in the letter withdrawing the motion to contest arbitrability that "a member of [redacted] household made a purchase [on Dollar Tree's website] with her credit card without her knowledge." (Mot. at 13, Ex. 25). Previously, the Claimant had emphatically denied during the deposition that the credit card at issue belonged to her.

In the Claimant's opposition submission to the Respondent's dispositive motion dated November 22, 2024, the Claimant maintains that she accessed Dollar Tree's website in April 2023 and opted to reject advertising cookies at that her claims are fully supported by detailed factual allegations as required at the pleading stage. (Opp. at 2). The Claimant also maintains that the relevant portion of [redacted] declaration dated July 11, 2024, states that in "2023, I visited the Dollar Tree website—www.dollartree.com (the "Website"), which visits are the subject of this dispute. When I visited the Website, I did not make any purchases. To my knowledge, I have never purchased anything at www.dollartree.com." (Opp. at 3, Ex. 8).

The Arbitrator will now turn to parties' respective arguments in determining whether to grant the Respondent's dispositive motion.

III. Request for Dismissal of Claims for Lack of Evidence

A. The Respondent's Argument

In making its dispositive motion, the Respondent argues that there is no genuine issue of material fact requiring this case to proceed to an evidentiary hearing. The Respondent further contends that it is unclear whether in effect, the Claimant has visited the Dollar Tree website at all. Moreover, even if the Claimant did visit the website, there is no evidence to substantiate her claims because the Claimant has no specific recollection of rejecting the advertising cookies, has disposed of two of the three devices that could prove her case without retaining backups, and lacks any documentation such as browsing history, web browser settings, or evidence of receiving advertising cookies during any such visit. (Mot. at 3).

B. The Claimant's Argument

The Claimant argues that she visited the Dollar Tree website in April 2023 and rejected the advertising cookies from the cookie consent banner but nevertheless received advertising cookies on her web browser. Despite the discrepancies in the Claimant's statements and the discovery that her daughter made a purchase using her name, the Claimant maintains that her initial declaration is still accurate. (Opp. at 12). The Claimant suggests that Dollar Tree's practices and the general configuration of its website would show that she had clicked the "Reject Advertising Cookies" button and received cookies, supporting her allegation. The Claimant's counsel has indicated the intention to seek evidence relating to the general configuration of Dollar Tree's website in discovery. (Opp. at12-13.)

C. Legal Standard

The Respondent argues that there is no genuine issue of material fact requiring this case to proceed to an evidentiary hearing and that the procedural rules governing these proceedings are the AAA Consumer Arbitration Rules pursuant to the Dollar Tree website's Terms and Conditions invoked by the Claimant. (Mot. at 3).

The Claimant suggests that the Respondent's dispositive motion is treated as a "Rule 12(b)(b) [which] tests the sufficiency of a complaint; [but] importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" citing *Robert Long v. KLM*, Civil Action No. 3:23cv435 (RCY), 2024 U.S. Dist. LEXIS 153163, at *4-5 (E.D. Va. Aug. 26, 2024). The Claimant further argues that "well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff." (Opp. at 7).

The Arbitrator disagrees with that mischaracterization. The federal pleading standard on a motion to dismiss is inapplicable to this arbitration and the Arbitrator is not required to take Claimant's factual allegations as "true." The AAA Consumer Rules and the ordered discovery in these proceedings, which are in the record, support this position. The Arbitrator agrees with the Respondent's stance that the arbitration is governed by the AAA Consumer Arbitration Rules, as clearly stated in the parties' agreement.

D. Arbitrator's Findings

First, the Arbitrator is not convinced by the Claimant's contention that "[redacted] declaration is still fully accurate," (Opp. at 12) despite the factual record that the Claimant withdrew the arbitrability motion because the purchase was made under [redacted] name by her daughter. This begs the question of whether the Claimant, [redacted] has disclaimed the one piece of documentary evidence that would have shown she visited the website—the Dollar Tree purchase record from April 17, 2023, the very month that Claimant alleges she made one visit to the website.

The Claimant's position is that upon further ordered discovery, Dollar Tree's practices would show that the Claimant had clicked the "Reject Advertising Cookies" or would show that Claimant's web browser was configured to receive and did receive purported cookies. (Opp. at 11). Such discovery, if it were granted, would not support whether Claimant visited the website and that the Claimant clicked on the "Reject Advertising Cookies" button from the website's cookie consent banner.

The Arbitrator takes notice that Dollar Tree does not have any evidence that Claimant, assuming she visited the website as alleged, rejected advertising cookies, had the capability of receiving cookies, or did in fact receive advertising cookies. The Respondent attests that it does maintain limited certain aggregate statistics related to selections from its website's cookie consent banner, but it does not have the ability to locate any information about the Claimant's purported browsing session in April 2023. To determine whether a user received a particular cookie could only be confirmed by basic inspection of the user's device and any records retained on that device. (Mot. at 5).

Since there is no factual basis for the Claimant's allegations that she visited the Dollar Tree website and rejected advertising cookies from the cookie consent banner, but nevertheless received advertising cookies on her web browser, the Claimant's claims fail.

The Arbitrator agrees that no exchange of information via discovery will enable Claimant to prove her factual allegations. The instant case is indistinguishable from *Byars v. Sterling Jewelers, Inc*, 2023 WL 2996686 (C.D. Cal. 2023) wherein the court agreed to dismiss the case because the plaintiff "produces neither a declaration nor any other evidence to support her conclusory allegation that she engaged in communications" with the technology that was present on defendant's website. The Claimant's assertion that cookies were placed on devices of "all users" is just as conclusory as the allegation in *Byars* that plaintiff "engaged in communications" with the technology that was present on defendant's website.

IV. Respondent's Motion for Attorneys' Fees and Costs

A. The Respondent's Position

1. The Parties' Arbitration Agreement

The Respondent is requesting its attorneys' fees and costs limited to (1) preparing for and taking Claimant's deposition; and (2) preparing its opposition to Claimant's Non-Arbitrability Motion. The Respondent basis an entitlement for attorneys' fees and costs upon the parties' arbitration agreement, that states, "The award of the arbitrator will require the non-prevailing party to pay the prevailing party's costs, fees and expenses (including attorneys' fees)."

2. The AAA Consumer Rules and the AAA Code of Conduct

The Respondent provides two further bases for why fees should be awarded in relation to the Claimant's non-arbitrability motions. First, AAA Consumer Rule R-23 which allows an arbitrator to award costs for "willful non-compliance with any order issued by the Arbitrator." Second, AAA Consumer Rule R-44(c) which states the arbitrator may award costs to any party "upon the arbitrator's determination that the party's claim or counterclaim was filed for purposes of harassment or is patently frivolous."

Additionally, the Respondent raises that the AAA Standards of Conduct for Parties and Representatives are controlling here. In particular, "participants shall not repeatedly file unmeritorious demands for arbitration, pleadings, or other papers, or engage in other tactics that the AAA or an arbitrator determines are frivolous, filed for the purpose of harassment, or primarily intended to cause unnecessary delay or increased costs."

B. The Claimant's Position

The Claimant argues that Dollar Tree's request for costs is without legal basis and that mandatory fee shifting provisions are unenforceable under California law. (Opp. at 8). The Claimant submitted a AAA-mandated fee waiver signed by both parties due to the arbitration agreement stating "the award of the arbitrator will require the non-prevailing party to pay the prevailing party's costs, fees and expenses (including attorneys' fees). (Opp. at 9, Exs. 4-5). Further, the Claimant argues that the Respondent is seeking costs for "an unfiled motion and a single deposition" and "the arbitrator cannot evaluate whether 'the services were necessary and appropriate.'" (Opp. at 9-10).

The Claimant has also raised an entitlement to its attorneys' fees for the Respondent's "unnecessary deposition and briefing." (Opp. at 11-12).

C. Claimant's Actions Relating to the Non-Arbitrability Motion Increased Fees

1. Deposition and Procedural Orders

Central to the Respondent's dispositive motion for costs is the context in which the costs were incurred. The record is replete with examples of actions taken by Claimant's representative that have resulted in increased fees. For example, the Claimant did not provide the Claimant's physical address when requested by Respondent. The Claimant's address was also not included in the Amended Demand. Another example is despite the Arbitrator's orders allowing for Respondent's limited deposition, Claimant's counsel rejected the deposition request, writing that it did "not see any need or justification for a deposition." (Mot. at 8, Ex. 10). Pursuant to Procedural Order No. 3, dated August 12, 2024, a deposition was ordered to be "for no later than August 19, 2024, or as mutually agreed to by the parties, so long as the agreed date does not impact the hearing date fixed for the Claimant's motion to contest arbitrability." Despite Procedural Order No. 3, the Claimant refused to provide Claimant's availability for the ordered one half-day deposition (Mot. at 11). Furthermore, the Respondent's Motion contains a detailed discussion of the Claimant and her counsel's improper conduct during the arbitration. (*See* Mot. at 18-24).

2. Inconsistent Statements and Withdrawal of Motion

Despite the Respondent's showing that the Claimant had made a purchase during the deposition on August 30, 2024, the Claimant did not withdraw the Non-Arbitrability Motion until late in the day on September 13, 2024, at 3:59 pm PT less than one business day before the hearing scheduled on the motion set for September 16, 2024. The Claimant maintains that she did not make the purchase, though she conceded that her daughter used the Claimant's credit card to make the purchase and hence withdrew her motion contesting arbitrability. (Opp. at 5-6).

D. The Broader Context of this Arbitration

1. Improper Use of Arbitration for Discovery

The Respondent has asked the Arbitrator to consider the broader context of the Claimant using this arbitration as a vehicle to improperly seek wide-ranging discovery. The Arbitrator takes notice that Respondent has by its count identified 51 other solicitations that Claimant's counsel has run since January 2024, including two new solicitations against the Respondent while these proceedings are pending. (Mot. at 22).

The Arbitrator has taken due notice of Respondent's concerns that Claimant's counsel seeks to use this arbitration to obtain wide-ranging discovery from Dollar Tree potentially for use in other arbitrations or a putative class action.

E. Conclusion

The Respondent has submitted a total of $139,198.85 for attorneys' fees and costs. (Declaration of Meredith C. Slaw at 1). In accordance with the parties' Arbitration Agreement and the AAA Consumer Rules, an award of Respondent's attorneys' fees and costs is justified. Notwithstanding the parties' waiver of the fee-shifting provision in the parties' arbitration agreement, the Arbitrator retains the discretion to award costs. *See Cohen v. CBR Sys., Inc.*, 625 F. Supp. 3d 997, 1005 (N.D. Cal. 2022) (finding that permissive shifting was permitted under Cal. Civ. Proc. Code §1284.3(a)).

Furthermore, the Claimant has not refuted the Respondent's other two bases for an award of costs. Despite the Claimant's attempt to characterize the Respondent's actions as "unnecessary" motion practice and deposition (Opp. at 11-12), this contradicts not only the orders issued by the Arbitrator but also Claimant's conduct on record, i.e., the Claimant's withdrawal of the motion at the eleventh hour and the discrepancies in testimony and positions

as discussed above.

Central to the Respondent's motion for costs is the context in which the costs were incurred. The record is replete with examples of actions taken by Claimant's representative that have resulted in increased fees. For example, the Claimant did not provide the Claimant's physical address when requested by Respondent and rejected the Respondent's deposition request despite the Arbitrator's order. These actions directly led to unnecessary delays and additional costs as outlined in Respondent's Motion.

Further, in the broader context of this arbitration, the Respondent has shown that the Claimant's use of arbitration has been improper and potentially for the purpose of obtaining wide-ranging discovery. The Respondent has identified similar tactics employed by Claimant's counsel in other arbitrations, underscoring a pattern of behavior designed to harass and increase costs unjustifiably.

In order to preserve the fairness, integrity, and efficiency of the proceedings, it is imperative that measures be taken, including the exercise of enforcement powers pursuant to AAA Consumer Rule R-23 to ensure a fair, efficient, and economical resolution of the case. This includes Rule R-23(d) "in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance."

In addition, the Arbitrator is persuaded that the actions on record in these proceedings and in the broader context are tantamount to harassment and are patently frivolous. Therefore, the Arbitrator exercises her authority under Rule R-44(c) in finding that Claimant's claims have been filed for purposes of harassment or are patently frivolous.

Finally, the Arbitrator reminds the parties that they have submitted to arbitration pursuant to their contractual agreement and the parties' conduct must adhere strictly to the AAA-ICDR Standards of Conduct for Parties and Representatives. In particular, "participants shall not repeatedly file unmeritorious demands for arbitration, pleadings, or other papers, or engage in other tactics that the AAA or an arbitrator determines are frivolous, filed for the purpose of harassment, or primarily intended to cause unnecessary delay or increased costs." The Arbitrator notes the Claimant's repeated inconsistent assertions and actions related to the deposition to be particularly egregious and do not comport with the AAA-ICDR Standards of Conduct for Parties and Representatives warranting the above conclusion.

Therefore, in light of the AAA Consumer Rules R-23 and R-44, as well as the precedent set by *Cohen*, the egregious conduct demonstrated by the Claimant, warrants the Arbitrator's discretionary authority to award fees and expenses, including attorneys' fees, to the prevailing party. Consequently, awarding the Respondent reasonable attorneys' fees and costs is justified and necessary to uphold the integrity and fairness of the arbitration process.

V. <u>Orders</u>

Having reviewed the parties' relevant written submissions, declarations, and exhibits, and based upon the reasoning set forth above, the Arbitrator ORDERS:

1. Dollar Tree Stores, Inc.'s DISPOSITIVE MOTION seeking dismissal of [redacted] claims in full is GRANTED.

2. All of [redacted] claims against Dollar Tree Stores, Inc. are DISMISSED with prejudice.

3. [redacted] request for attorneys' fees and costs is DENIED.

4. This Interim Award is in full settlement of the merits of all claims submitted to this Arbitration, except for the determination of reasonable attorneys' fees and costs in favor of Dollar Tree Stores, Inc.

5. The Arbitrator retains jurisdiction to address Dollar Tree Stores, Inc. claims for reasonable attorneys'

fees and costs. Dollar Tree Stores, Inc. shall file and serve an accounting of such reasonable attorneys' fees and costs and any supporting documents related thereto within 7 days of the date of this Interim Award. [redacted] shall submit any objections or responsive statements concerning the accounting submitted by Dollar Tree Stores, Inc., and any supporting documents within 7 days of receiving the accounting from Dollar Tree Stores, Inc. Upon and after such submissions, the matter shall be deemed submitted to the Arbitrator for determination in a Final Award.

This Interim Award shall remain in full force and effect until the Arbitrator renders a Final Award.

January 15, 2025
Date

Ghada Audi, Arbitrator

# EXHIBIT 9

Complaint and Demand for Arbitration dated November 12, 2024, in arbitration
*[Claimant B] v. Dollar Tree, Inc.*, AAA Case No. 01-24-0008-6980.

AMERICAN ARBITRATION ASSOCIATION®

**DEMAND FOR ARBITRATION**
**CONSUMER ARBITRATION RULES**

Complete this form to start arbitration under an arbitration agreement in a contract.

| | | |
|---|---|---|
| 1. Which party is sending in the filing documents? *(check one)* ☑ Consumer ☐ Business | | |
| 2. Briefly explain the dispute: see attached; claimant disputes arbitrability; all rights reserved | | |
| 3. Specify the amount of money in dispute, if any: $ according to proof | | |
| 4. State any other relief you are seeking: ☑ Attorney Fees ☑ Interest ☑ Arbitration Costs ☑ Other; explain: injunctive relief; attorneys' fees; declaratory relief | | |
| 5. Identify the requested city and state for the hearing if an in-person hearing is held: City: San Francisco State: California | | |
| 6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed. | | |
| **Consumer:** | | |
| Name: [redacted] | | |
| Address: c/o Gutride Safier, LLP, 100 Pine St., Suite 1250 | | |
| City: San Francisco | State: California | Zip Code: 94111 |
| Telephone: | Fax: | |
| Email Address: seth@gutridesafier.com | | |
| **Consumer's Representative (if known):** | | |
| Name: Seth Safier, Esq. | | |
| Firm: Gutride Safier LLP | | |
| Address: 100 Pine Street, Suite 1250 | | |
| City: San Francisco | State: California | Zip Code: 94111 |
| Telephone: 415-336-6545 | Fax: | |
| Email Address: seth@gutridesafier.com | | |
| **Business:** | | |
| Name: Dollar Tree Stores, Inc. | | |
| Address: | | |
| City: | State: Select... | Zip Code: |
| Telephone: | Fax: | |
| Email Address: | | |

AMERICAN ARBITRATION ASSOCIATION®

**DEMAND FOR ARBITRATION**
**CONSUMER ARBITRATION RULES**

| **Business' Representative (if known):** | | |
|---|---|---|
| Name: Colm P. McInerney | | |
| Firm: Skadden, Arps. Slate, et al | | |
| Address: 1 Manhattan West | | |
| City: New York | State: New York | Zip Code: 10001 |
| Telephone: 212-735-2498 | Fax: | |
| Email Address: colm.mcinerney@skadden.com | | |
| Date: Nov. 12, 2024 /s/Seth Safier/s/ | | |

**7. Send a copy of this completed form to the AAA together with:**

- A clear, legible copy of the contract containing the parties' agreement to arbitrate disputes;
- The proper filing fee (filing fee information can be found in the Costs of Arbitration section of the Consumer Arbitration Rules); and
- A copy of the court order, if arbitration is court-ordered.

**8. Send a copy of the completed form and any attachments to all parties and retain a copy of the form for your records.**

To file by mail, send the initial filing documents and the filing fee to: AAA Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043.

To file online, visit **www.adr.org** and click on **File or Access Your Case** and follow directions. To avoid the creation of duplicate filings, the AAA requests that the filing documents and payment be submitted together. When filing electronically, no hard copies are required.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.

Pursuant to New Jersey Statutes § 2A:23B-1 et seq, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the New Jersey Arbitration Act, and to all consumer arbitrations conducted in New Jersey. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.

**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Claimant*

**AMERICAN ARBITRATION ASSOCIATION**

**SAN FRANCISCO REGIONAL OFFICE**

[redacted]

Claimant,

v.

DOLLAR TREE STORES, INC.,

Respondent.

Arbitration Case No.

**COMPLAINT AND DEMAND FOR ARBITRATION**

Claimant [redacted] ("Claimant") brings this action against Dollar Tree Stores, Inc., ("Respondent" or "Dollar Tree"). Claimant's allegations against Dollar Tree are based upon information and belief and upon investigation of Claimant's counsel, except for allegations specifically pertaining to Claimant, which are based upon Claimant's personal knowledge. Claimant files this Complaint and Arbitration Demand without waiver of any right or argument, specifically, and without limitation, that she did not assent to Dollar Tree website's Terms and Conditions, including the arbitration agreement contained therein, and/or that the purported arbitration agreement is unlawful and/or unenforceable.

## INTRODUCTION

1. This Complaint and Arbitration Demand concerns one issue: whether a valid and enforceable arbitration agreement was formed between the parties to cover a separate dispute about Respondent's internet cookie practices that is not part of this Complaint nor at issue in this proceeding. For purposes of context, that underlying dispute relates to Claimant's visit to

Respondent's website (www.dollartree.com, the "Website"), where, despite Claimant's agreement with Respondent that it would not place tracking cookies on her device, Respondent proceeded to do so anyway.[1] As is relevant to the instant dispute, the Website also contains Terms and Conditions ("T&C" or "Terms") with an arbitration provision purporting to require "all disputes, controversies, or claims" between website visitors and Respondent to be resolved by binding arbitration. Claimant contends that no agreement to arbitrate was ever formed. Respondent contends that the arbitration provision in the TOU is applicable to the underlying dispute and refused to consent to litigate the underlying dispute in federal court. Accordingly, Claimant filed this arbitration demand to seek a declaration from the arbitrator that her underlying cookie dispute with Respondent is not subject to arbitration.

2. The Website's T&C are available on the Website but accessible only via an inconspicuous link displayed in small font at the bottom of the Website after all the main content. Moreover, Respondent does not require Website users to read or agree to the Terms before browsing the Website.

3. When Claimant visited the Website, she did not see or otherwise assent to the T&C before choosing to "Reject Advertising Cookies" and browse the website. Nor could she have done so. When users visit the Website, Respondent immediately displays a pop-up cookies banner that ***obscures and prevents any interaction*** with the Website's main content until users make a cookies selection on the banner. In other words, it is impossible for a Website user to even click on the link to view the T&C, much less review the T&C themselves, without first entering into an agreement with Respondent to "Reject Advertising Cookies." Claimant could not—and did not—assent to the T&C. Accordingly, Claimant made no agreement to arbitrate her underlying cookie dispute.

## BACKGROUND ON THE UNDERLYING COOKIE DISPUTE

4. The underlying dispute in this matter concerns an egregious privacy violation and total breach of consumer trust in blatant violation of California law. The Website is configured

[1] Respondent also owns the website, www.familydollar.com, which has also engaged in the same underlying unlawful conduct regarding the placement of internet cookies.

to use a multitude of cookies to enable third parties to track users' activity and communications on the Website.

5. However, at least until placed on notice,[2] the Website presented all visitors immediately with a pop-up cookies banner stating that the Website "uses cookies to enhance user experience and to analyze performance and traffic on your website. We also share information about your use of our site with our trusted social media, advertising, and analytics partners[ ]" and with a button indicating that users could "Reject Advertising Cookies."




(Screenshot of the Website's pop-up cookies banner.)

6. Unbeknownst to Claimant and other users, however, Respondent nonetheless caused cookies—both from Respondent and third parties with notorious privacy records, including Facebook and Google/DoubleClick—to be stored on the device(s) of Claimant and other users despite their rejections of advertising cookies. As a result, Respondent caused the sharing, and ultimately the sale, of broad swaths of personal data about Claimant, and similar users, to undisclosed third parties, contrary to Respondent's representations and Claimant's express directions. Claimant brings this arbitration solely to establish that the separate cookie dispute is not arbitrable.

## PARTIES

7. Claimant [redacted] is, and was at all relevant times, an individual and resident of California. Claimant intends to remain in California and makes her permanent home there.

[2] On or about November 14, 2023, Respondent was notified of its ongoing invasions of privacy and alleged violations of law, as described herein, as required under California's Consumers Legal Remedies Act, Cal. Civil Code §§ 1750 *et seq*., and Consumer Privacy Rights Act, Cal. Bus. & Prof. Code §§ 1798, *et seq*.

8. Respondent Dollar Tree Stores, Inc. is a Virginia corporation with its principal place of business in Chesapeake, Virginia.

## SUBSTANTIVE ALLEGATIONS

### A. Respondent's Unenforceable Browsewrap Agreement.

9. Respondent's Website includes a T&C that purports to govern the use of the Dollar Tree Website. *See* T&C ("These Terms apply to the Dollar Tree website located at www.dollartree.com.").

10. Paragraph 16 of the T&C purports to require Website users to arbitrate all disputes with Respondent under the rules of the American Arbitration Association. *See* T&C ¶ 16 ("[T]he parties will attempt to resolve all disputes, controversies, or claims arising under, out of, or relating to these Terms, including the formation, validity, binding effect, interpretation, performance, breach or termination, of these Terms and the arbitrability of the issues submitted to arbitration hereunder and non-contractual claims relating to these Terms (each, a 'Dispute') through discussion between the parties. Except as otherwise provided in this Section, if any Dispute cannot be resolved through negotiations between the parties within 30 days of notice from one party to the other of the Dispute, either party may submit such Dispute for final settlement through binding arbitration under the rules of the American Arbitration Association then in effect").

11. The T&C in calling for arbitration relating to any disputes involving the "formation, validity [or] binding effect" the Terms also purports to grant exclusive authority to the arbitrator to determine issues of arbitrability. *See id.*

12. Claimant, however, did not assent to the T&C or the arbitration provision contained therein. An internet contract is valid only if the user takes some action to unambiguously manifest assent to the contract after the website has placed the user on actual notice of the terms of that contract or has put a reasonably prudent user on inquiry notice of those terms. Claimant never saw the T&C, or even the hyperlink to the "Terms & Conditions," and thus had no actual notice that her continued browsing of the Website would be subject to an arbitration agreement.

13. Nor did the Website place Claimant on inquiry notice of the T&C because it failed to provide reasonably conspicuous notice of the T&C. Moreover, Claimant took no action, such as clicking a button or checking a box, that unambiguously manifested her assent to the T&C. The Terms on the Website are no more than an unenforceable browsewrap agreement.

14. When users visited the Website, Respondent immediately displayed to them a pop-up cookie consent banner which prompted users to either "Reject Advertising Cookies" or "Accept Advertising Cookies." The pop-up cookies banner remains displayed, obscuring and disallowing any use of the Website's main content, until users make a selection on the banner. The pop-up cookies banner made no mention of the Website's T&C, contained no link to the T&C, and did not require the user to manifest assent to the Terms, as shown in the following screenshot:




(Screenshot of the pop-up cookies banner obscuring and disallowing use of the Website)

15. The only link to the T&C appeared in small font (identical to the surrounding font) at the bottom of the Website. Website users were unable to click the link to view Respondent's T&C before selecting to either "Reject Advertising Cookies" or "Accept Advertising Cookies." on the pop-up cookies banner, as demonstrated by the screenshots below,

because the Website dims the background content and does not allow users to interact with any links until users select either "Reject Advertising Cookies" or "Accept Advertising Cookies," including the link to the Terms. Therefore, even if Website users scrolled down to the very bottom of the Website before making their selection in the pop-up cookies banner, it was ***impossible*** for users to read and assent to T&C prior to choosing to "Reject Advertising Cookies":




(Screenshots of the Dollar Tree Website (a) showing the Website dims the main content of the Website while the cookie banner is displayed; and (b) showing that clicking the "Terms & Conditions" link at the bottom of the Website is impossible while the cookie banner is displayed.)

16. Even setting aside the fact that the Website obscures the link and does not even allow users to interact with the T&C link, the link to the T&C itself at the very bottom of the Website is not conspicuous. It is not, for example, in a different color, font or size from the surrounding text. Nor is it highlighted or emboldened relative to its surrounding text. Instead, it is very small and much less conspicuous than the images and text elsewhere on the Website. Moreover, it is not available on the Website when a user first visits; rather, they must scroll down to find it with no forewarning of being bound by the Terms.

17. Respondent never required Claimant to manifest consent to the T&C. Respondent purports to bind users to the T&C simply by their continued use of the Website, which is legally insufficient even if the notice had been conspicuous.

**B. <u>Claimant's Experience</u>**

18. During the last year, Claimant visited the Dollar Tree Website to browse products.

19. When Claimant visited the Dollar Tree Website, the Website immediately presented her with Respondent's pop-up cookies banner as it appeared at the time.

20. Consistent with her typical practice in rejecting cookies and/or the sharing and sale of her personal data, Claimant selected and clicked the "Reject Advertising Cookies" button, thereby giving Respondent notice that she did not consent to the use or placement of such third-party cookies. In reliance on these representations and promises, only then did Claimant continue browsing the Website.

21. Claimant did not see the T&C link—or the actual T&C—on the Website prior to rejecting advertising cookies, or at any point thereafter. Moreover, Claimant could not have seen the link to Respondent's T&C prior to clicking "Reject Advertising Cookies" because—in addition to being obscured by a dim background and in small font at the very bottom of the Website—the Website does not allow users to interact with the Website ***at all*** until users first make a selection in the pop-up cookies banner. The pop-up cookies banner did not disappear until after Claimant made her cookies choices.

## <u>CAUSE OF ACTION</u>

### Declaratory Judgment that the Underlying Dispute is Not Subject to Arbitration

22. Claimant realleges and incorporates the paragraphs of this Complaint as if set forth herein.

23. The Dollar Tree Website's T&C purport to require arbitration of any and all disputes. In particular, the T&C states the following:

> Except as otherwise provided in this Section, the parties will attempt to resolve all disputes, controversies, or claims arising under, out of, or relating to these Terms, including the formation, validity, binding effect,

> interpretation, performance, breach or termination, of these Terms and the arbitrability of the issues submitted to arbitration hereunder and non-contractual claims relating to these Terms (each, a "Dispute") through discussion between the parties. Except as otherwise provided in this Section, if any Dispute cannot be resolved through negotiations between the parties within 30 days of notice from one party to the other of the Dispute, either party may submit such Dispute for final settlement through binding arbitration under the rules of the American Arbitration Association then in effect (the "Rules").

T&C ¶ 16.

24. Claimant did not view, and did not have actual notice of, Respondent's T&C, including the arbitration provision contained therein.

25. The link to the T&C was inconspicuous and failed to provide reasonably prudent users such as Claimant with actual notice that her continued use of the Website would subject her to the T&C.

26. It was impossible for Claimant to view the hyperlink to the T&C and/or review the Terms prior to rejecting advertising cookies because the Website does not allow users to interact with any links until making a selection in the pop-up cookie banner.

27. Respondent did not require users such as Claimant to manifest their unambiguous assent to the T&C by clicking a button or checking a box.

28. Claimant, therefore, had no notice, constructive or otherwise, of the T&C and never assented to them.

29. Because Claimant did not assent to the Terms, Claimant is entitled to, and seeks, a declaration that the arbitration provision and class action waiver contained in the T&C are unenforceable and that the underlying dispute described herein is not subject to arbitration.

## PRAYER FOR RELIEF

**WHEREFORE**, reserving all rights, Claimant respectfully requests judgment against Respondent as follows:

30. An order declaring that Claimant did not assent to Respondent's T&C and that the underlying dispute described herein is not subject to arbitration;

31. For reasonable attorneys' fees and the costs incurred; and

32. For such further relief as may be just and proper.

Dated: November 12, 2024

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Claimant*