**KELLEY DRYE & WARREN LLP**
Rebecca B. Durrant (State Bar No. 350444)
rdurrant@kelleydrye.com
Glenn T. Graham (State Bar No. 338995)
ggraham@kelleydrye.com
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: (212) 808-7551
Fax: (212) 808-7897

*Attorneys for The Retail Litigation Center*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MARCO WALSH, HOWARD YOSHA, and ERICA MALDONADO, as individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

Defendant.

Case No. 5:25-cv-01601-SVK

**NOTICE OF MOTION AND MOTION OF THE RETAIL LITIGATION CENTER FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

Hearing Date: July 29, 2025

Hearing Time: 10 a.m.

Judge: Hon. Susan van Keulen

Complaint filed: February 14, 2025

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Tuesday, July 29, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 6 of the United States District Court for the Northern District of California, before the Honorable Susan van Keulen, located at 280 South 1st Street, San Jose, CA 95113, the Retail Litigation Center ("RLC") will and hereby does move this Court for an Order, pursuant to Northern District of California Rule 7-11, granting it leave to participate as *Amicus Curiae* and to file a brief in support of Defendant Dollar Tree Stores, Inc.'s Motion to Dismiss. RLC's proposed *amicus* brief is attached to this motion.

This Motion is based upon this Notice of Motion, Motion, and Memorandum of Points and Authorities submitted in support thereof. It is further based on the concurrently filed *amicus* brief, the Declaration of Rebecca B. Durrant and its attached exhibits, the other pleadings and papers on file in this matter, any judicially noticeable information, and any additional information and argument that may be presented to the Court before or during the hearing.

DATED: May 6, 2025

By: */s/ Rebecca B. Durrant*

Rebecca B. Durrant (State Bar No. 350444)
rdurrant@kelleydrye.com
Glenn T. Graham (State Bar No. 338995)
ggraham@kelleydrye.com
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: (212) 808-7551
Fax: (212) 808-7897

*Attorneys for The Retail Litigation Center*

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Retail Litigation Center, Inc. (the "RLC") is a 501(c)(6) nonprofit trade association that represents national and regional retailers, including many of the country's largest and most innovative retailers, across a breadth of retail verticals. The RLC is the only trade organization solely dedicated to representing the retail industry in the courts. The RLC's members employ millions of people throughout the United States, provide goods and services to tens of millions more, and account for tens of billions of dollars in annual sales. The RLC offers retail-industry perspectives to courts on important legal issues and highlights the industry-wide consequences of significant cases. Since its founding in 2010, the RLC has filed more than 250 amicus briefs on issues of importance to the retail industry. Its *amicus* briefs have been helpful to courts throughout the United States, as evidenced by citation to RLC *amicus* briefs in numerous precedential opinions. *See, e.g., South Dakota v. Wayfair, Inc.*, 585 U.S. 162, 184 (2018); *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 542 (2013); *Chewy, Inc. v. U.S. Dep't of Lab.*, 69 F.4th 773, 777–78 (11th Cir. 2023); *State v. Welch*, 595 S.W.3d 615, 630 (Tenn. 2020).

Many of the RLC's members—and hundreds of businesses large and small—have been sued under Cal. Pen. Code § 630 *et seq.*, known as the California Invasion of Privacy Act ("CIPA"), because commonly used online website maintenance and customer service tools appear on their sites. Many more have received demand letters insisting on settlement payments if the member wanted to avoid the cost of defending a class action lawsuit based on the same legal theory. The RLC's members thus have a substantial interest in the outcome of actions, like this one, that make such allegations.

The RLC's short brief will offer the Court useful context on the wave of CIPA litigation facing California courts arising from alleged online data collection. As discussed further in the attached *amicus* brief, the California Legislature never intended CIPA to serve that purpose, yet businesses of all sizes face new CIPA claims every day. The RLC is well positioned to describe

the burden that these CIPA actions place on businesses and the corresponding need for close scrutiny of CIPA complaints.

The Court should grant the RLC leave to participate as *amicus*. "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls Devs., LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003). The Court has wide discretion in granting leave to file an *amicus* brief, requiring that the amicus "merely make a showing that his participation is useful or otherwise desirable to the court." *California v. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). Indeed, courts generally "exercise[] great liberality" in considering *amici* so long as their authority "can be of use to the Court." *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. 4:06-cv-01254, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007).

The RLC has met and conferred with counsel for both Plaintiffs and Defendant prior to filing this Motion. The Defendant consents to the RLC's participation. Plaintiffs oppose.

In light of the RLC's significant interests in the outcome of this litigation, its unique perspective that it can provide, and the potential ramifications for businesses nationwide, leave to participate is warranted in this case.

## CONCLUSION

The Retail Litigation Center respectfully requests that the Court grant its Motion for Leave to Participate as *Amicus Curiae* and accept and consider its attached brief.

DATED: May 6, 2025

By: */s/ Rebecca B. Durrant*

Rebecca B. Durrant (State Bar No. 350444)
rdurrant@kelleydrye.com
Glenn T. Graham (State Bar No. 338995)
ggraham@kelleydrye.com
KELLEY DRYE & WARREN LLP
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: (212) 808-7551
Fax: (212) 808-7897

*Attorneys for The Retail Litigation Center*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 6, 2025, I electronically filed **THE RETAIL LITIGATION CENTER'S NOTICE OF MOTION AND MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* AND MEMORANDUM IN SUPPORT; PROPOSED *AMICUS* BRIEF; THE DECLARATION OF REBECCA B. DURRANT IN SUPPORT OF PROPOSED *AMICUS* BRIEF, AND ALL OF ITS ATTACHED EXHIBITS** with the United States District Court for the Northern District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

DATED: May 6, 2025

Respectfully submitted,

By: */s/ Rebecca B. Durrant*
Rebecca B. Durrant