**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCO WALSH, HOWARD YOSHA, and ERICA MALDONADO, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | Case No. 5:25-cv-01601-SVK<br><br>**PLAINTIFFS' OPPOSITION TO MOTION OF THE RETAIL LITIGATION CENTER FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***<br><br>Hearing Date: July 29, 2025<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Susan van Keulen |

Having violated consumer privacy rights with reckless abandon, Defendant Dollar Tree Stores, Inc. ("Defendant") goes on the attack—blaming Plaintiffs and their counsel for all manner of improprieties. It then summons the cavalry, a trade association of which it and its counsel are members[1] hoping to escape accountability for *expressly* promising consumers who visited Defendant's websites that they could "Reject Advertising Cookies," but nonetheless, continuing to use advertising cookies to track and monitor users. But no amount of legal maneuvering and misdirection can bury the truth of Dollar Tree's actions, including the request by Retail Litigation Center ("RLC") to join as an *amicus curiae*. ECF No. 25.

The Court should deny RLC's motion because the proposed *amicus* brief does not provide unique information or perspective; Defendant is not represented by incompetent counsel; and the RLC has not shown any interest that may be affected by the decision in this case.

## I. INTROUDCTION

This case concerns a blatant, ongoing breach of California privacy rights. But contrary to Defendant and RLC's attempts at obfuscation, this case is substantially different than the millrun "Meta-Pixel" cases they point to. Here, when consumers visit Defendant's ecommerce websites (www.dollartree.com and www.familydollar.com, each a "Website" and collectively, the "Websites"), Dollar Tree displays to them a popup cookie consent banner. The cookie banner states that the Websites use cookies but expressly promises that the user can control how they are tracked and how their personal data is used. Defendant assures visitors that they can choose to "**<u>Reject Advertising Cookies</u>**" as shown in the following screenshot of cookie consent banner from Defendant's www.dollartree.com:[2]




ECF No. 1 ¶ 1.

---

[1] *See* https://rilastagemedia.blob.core.windows.net/rila-web/rila.web/media/media/pdfs/rlc/membership/rlc-members-list46.pdf

[2] The cookie banner is the same on Defendant's www.familydollar.com Website.

Like most internet websites, Defendant designed the Websites to include resources and programming scripts from third parties that enable those parties to place cookies and other similar tracking technologies on visitors' browsers and devices and/or transmit cookies along with user data. However, unlike other websites, Defendant's Websites promise consumers a choice to browse without being tracked, followed, and targeted by third party data brokers and advertisers. However, Defendant's promises are outright lies, designed to lull users into a false sense of security. Even after users elect to "**Reject Advertising Cookies**," Defendant surreptitiously causes several third party advertising companies—including Google LLC (DoubleClick and Google Analytics), Meta Platforms, Inc. (Facebook), Microsoft Corporation (Bing), Epsilon Data Management, LLC (Dotomi), Pinterest, Inc. (Pinterest), and others (the "Third Parties")—to place and/or transmit ADVERTISING cookies that track users' browsing activities on the Websites and eavesdrop on users' private communications on the Websites. *See* ECF No. 1 ¶ 31.

On April 29, 2025, Defendant moved to dismiss, primarily attacking the Plaintiffs and their counsel. ECF No. 18. RLC now moves to file an *amicus* brief arguing that this case should be lumped together with dozens of unrelated, irrelevant CIPA actions. ECF No. 25. This Court should reject the motion.

## II. ARGUMENT

"The role of an *amicus* is to assist the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *United States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175-TEH-1, 2016 U.S. Dist. LEXIS 78111, at *3 (N.D. Cal. June 15, 2016) (quoting *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991)). But Courts have recognized that "it is rare to receive an *amicus* brief at the district court level especially on a motion to dismiss where the pertinent question is whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Cody v. Movado Grp., Inc.*, No. 3:23-cv-00015-H-KSC, 2023 U.S. Dist. LEXIS 25249, at *1–2 (S.D. Cal. Feb. 8, 2023) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).

"Courts permit briefing from an *amicus* when: (1) a party is not represented competently; (2) the *amicus* has an interest that may be affected by the decision but does not entitle the *amicus* to intervene; or (3) the *amicus* has unique information or a new perspective that can help the court beyond what the parties can provide." *Pac. Gas & Elec*, 2016 U.S. Dist. LEXIS 78111, at *3 (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). An *amicus* must "make a showing that his participation is useful to or otherwise desirable to the court." *Hooper v. City of Seattle*, No. C17-0077RSM, 2017 U.S. Dist. LEXIS 138055, at *3 (W.D. Wash. Aug. 28, 2017) (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). "Otherwise, leave to file an *amicus* brief should be denied." *Pac. Gas & Elec.*, 2016 U.S. Dist. LEXIS 78111, at *3. This is not a rare exception. Nor has RLC established that any of the other requirements are met.

**A. RLC's Proposed Amicus Does Not Provide Unique Information or Perspective That Can Help the Court.**

The proposed *amicus* brief speaks to the legislative history behind CIPA (ECF 25-1 at 3–6) and the number of lawsuits brought under CIPA (*id.* at 6–10), but neither provides "unique information or a new perspective." *Pac. Gas & Elec. Co.*, 2016 U.S. Dist. LEXIS 78111, at *3. First, this Court can properly consider the legislative history of CIPA without the RLC's *amicus*. The RLC does selectively quote legislative history but "as a general rule . . ., legislative history must shed light on the collegial view of the Legislature *as a whole*." *Cal. Highway Patrol v. Superior Court*, 135 Cal. App. 4th 488, 501 (2006) (emphasis in original)).

Second, Dollar Tree already argues in its motion to dismiss that CIPA does not apply to internet communications (ECF 18 at 19–29), mirroring RLC's arguments (ECF No. 25-1 at 4–6). Thus, the *amicus* is merely duplicative and cumulative and does not provide unique information or perspective. *See City & Cty. of S.F. v. United States Citizenship & Immigration Servs.*, No. 19-cv-04717-PJH, 2019 U.S. Dist. LEXIS 162326, at *16 (N.D. Cal. Sep. 16, 2019) (denying motion for leave to file *amicus* because "the proposed amici briefs appear to be duplicative and cumulative of arguments advanced by the parties and amici that have already

filed briefs in these actions.").

Finally, RLC complains about the number of cases filed under CIPA. While that may or may not be true, certainly the RLC, its member companies, and "premier law firm" members, such as Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), are not advocating for companies, as alleged here, being able to lie to users. Instead, the RLC merely has a general grievance that lawsuits are being brought under this statute, but the remedy for such a grievance is clear: the legislative process, not an *amicus* brief. Moreover, it should be no surprise that California consumers are suing under a privacy statute designed to protect their privacy.

Finally, RLC ignores the critical distinction between this case and the cases it relies on because those cases involved websites which did not disclose that plaintiff's conversation were monitored and recorded. *See, e.g., Valenzuela v. Keurig Green Mt., Inc.*, 674 F. Supp. 3d 751, 754 (N.D. Cal. 2023). This case presents a different, far more egregious breach of privacy. Here, Defendant *explicitly* promised Plaintiffs and other website users that they could "**Reject Advertising Cookies**" and not be tracked and targeted by advertising cookies. But that was an outright lie.

### B. The Amicus should be rejected because RLC does not claim that Defendant is represented by incompetent counsel.

"An amicus brief should normally be allowed when a party is not represented competently or is not represented at all." *Ryan*, 125 F.3d at 1063. RLC does not claim that Defendant, which is represented by attorneys at the multinational law firm of Skadden, is not represented competently or is not represented at all. Assuredly, the RLC believes the opposite.

### C. RLC Has No Interest in Any Other Case That May Be Affected by the Decision in the Instant Action.

An *amicus* brief may be allowed "when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case)." *Ryan*, 125 F.3d at 1063. RLC has failed to show that it has an interest in some other case that may be affected by a decision in the instant action. RLC is a self-described "trade association." ECF No. 25 at 1. RLC has failed to

provide any evidence that it has a direct interest in some other case as, for example, a named defendant in another suit. The mere fact that some of RLC's members may be interested in the outcome of Defendant's motion to dismiss (ECF No. 18) in the instant action is insufficient to justify granting leave. Otherwise, trade associations like RLC would be incentivized to routinely inundate federal courts with similar motions regarding otherwise unrelated cases. This would also unfairly prejudice Plaintiffs and burden the judicial system by giving Defendant the ability to exceed its page limitations for extraneous, ad hominem arguments at the pleading stage. *See Ryan*, 125 F.3d at 1064 ("The bane of lawyers is prolixity and duplication, and for obvious reasons is especially marked in commercial cases with large monetary stakes. In an era of heavy judicial caseloads and public impatience with the delays and expense of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the appeal.").

## III. Conclusion

Based on the forgoing, Plaintiffs respectfully requests that the Court deny RLC's motion for leave to participate as *Amicus Curiae*.

Dated: May 20, 2025

**GUTRIDE SAFIER LLP**

*/s/ Seth A. Safier*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Kali R. Backer, (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*