**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO WALSH, HOWARD YOSHA, and ERICA MALDONADO, as individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES INC.,<br><br>Defendant. | Case No. 5:25-cv-01601-SVK<br><br>PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE<br><br>Date: July 29, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. Susan van Keulen<br>Courtroom: San Jose, Courtroom 6 |

## I. INTRODUCTION

Defendant Dollar Tree Stores Inc.'s ("Defendant" or "Dollar Tree") Request for Judicial Notice seeks to introduce over ***one hundred pages*** of documentary evidence outside the Complaint to support its motion to dismiss and motion to transfer, even though none of it is referenced in the Complaint. Indeed, most of the documents are just ad hominem attacks of Plaintiffs' counsel. None of which is true, relevant or properly subject to judicial notice.

## II. ARGUMENT

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Judicial notice under Rule 201, however, permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. at (b)(1)–(2). Although "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment[,]" "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (*quoting Lee v. City of Los* Angeles, 250 F.3d 668, 689 (9th Cir. 2001)). The rule is consistent "with the prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003. Finally, "where a document is unnecessary or irrelevant to a court's decision, the court need not take judicial notice." *Ramachandran v. City of Los Altos*, No. 18-cv-01223-VKD, 2024 U.S. Dist. LEXIS 136561, at *11 (N.D. Cal. Aug. 1, 2024).

A court may, however, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In so doing, the Court must evaluate if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

"It is improper to juidicial[ly] notice a document when the substance of the document is subject to varying interpretations, and there is a reasonable dispute as to what the document establishes." *Landrum v. Mercedes-Benz Fin. Servs. USA LLC*, 2024 U.S. Dist. LEXIS 241375, at *8 (C.D. Cal. Oct. 30, 2024) (refusing to take judicial notice of disputed contract) (citing *Khoja*, 899 F.3d at 1000). Incorporation by reference "is not warranted when the document merely creates a defense to the well-pleaded allegations." *Khoja*, 899 F.3d at 1002. And when the plaintiff "challenge[s] the authenticity of the document proffered by Defendant, the District Court err[s] in taking judicial notice of it." *Id*. (*quoting Taylor v. Deutsche Bank Nat'l Tr*. Co., 727 F. App'x 241, 243 (9th Cir. 2018)) (cleaned up).

Here, Dollar Tree asks this Court to take judicial notice of a plethora of documents, including: over fifty pages duplicating Plaintiffs' counsel's solicitation advertisement used in this case (Pak Decl., Exs. 1, 3, 5–6); Plaintiffs' counsel's webpage related to said solicitations (Pak Decl., Exs. 2, 4); a confidential consumer arbitration award for an unidentified party (Pak Decl., Exs. 7–9); Dollar Tree's Privacy Policy effective January 1, 2025 (Bowman Decl., Ex. 1); Dollar Tree's Terms & Conditions effective August 23, 2024 (Bowman Decl., Ex. 2); and an undated screenshot of the Dollar Tree Website *after* a user has made a cookie banner selection and scrolled down to the bottom of the Webpage (Bowman Decl., Ex. 3). Out of these, at most, Dollar Tree's screenshot of the bottom of the Webpage is properly judicially noticeable. The rest is offered to distract from the matter at hand—Defendants' unlawful, untrue cookie banner.

**A. The Solicitations and Website Screenshots Are Not Judicially Noticeable (Pak Decl., Exs. 1–6).**

Dollar Tree first attempts to introduce over fifty pages of Plaintiffs' counsel's solicitations from unrelated cases and screenshots from Plaintiffs' counsel's website. ECF No. 20, Exs. 1–6. But Dollar Tree fails to explain the legal significance of these exhibits. Indeed, it does not deny that its cookie banner falsely promises users of the Websites that they could "Reject Advertising Cookies." It has no defense. So, it attacks Plaintiffs and their counsel for having the temerity to demand truth, honesty and fairness on Defendants' Websites. Dollar Tree's ad hominem attacks must be ignored and rejected, as they are, at best, irrelevant. *Santa*

*Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006) (declining to take judicial notice of irrelevant facts).

### B. The Consumer Arbitration Documents Are Not Judicially Noticeable (Pak Decl., Exs. 7–9)

In the same vein, Dollar Tree seeks judicial notice of a confidential arbitration award from an unrelated party. ECF No. 20, Exs. 7–9. However, Rule 201 is not a method for noticing the existence of confidential, irrelevant legal disputes between other parties. If and when Dollar Tree attempts to enforce such an award, claimant will move to invalidate the award as a product of undue influence and fraud. The arbitration that Dollar Tree seeks notice of was an affront. And the arbitrator was unduly biased. For example, the arbitrator improperly ordered claimant to pay fees even though the Dollar Tree expressly waived its mandatory fee shifting provision as required by the AAA. Moreover, California courts have uniformly rejected enforcing similar fee shifting provisions and invalidated arbitration agreements on that basis alone. *See Lou v. MA Labs., Inc.*, No. C 12-05409 WHA, 2013 U.S. Dist. LEXIS 70665, at *16–17 (N.D. Cal. May 17, 2013) ("Curing the problematic provisions would require redrafting the arbitration agreement. This is especially true of the fee-shifting provision, which needs clearly articulated guidelines to comply with California law. Thus, the arbitration agreement is unenforceable."). As such, even if it was relevant, it is improper to judicially notice the documents because "there is a reasonable dispute as to what" they establish. *Khoja*, 899 F.3d at 1000.

### C. Dollar Tree's Updated Privacy Policy and Terms & Conditions Are Irrelevant (Bowman Decl., Exs. 1–2)

Dollar Tree's Privacy Policy and Terms & Conditions ("Terms") are not judicially noticeable, because they are not the relevant versions which could have bound Plaintiffs. *See* ECF No. 1 ¶ 25, n. 1 (stating the applicable Privacy Policy was last updated October 16, 2023). Thus, the Court should reject judicially notice for the Privacy Policy and Terms. *Sellers v. Bleacher Report, Inc.*, No. 23-cv-00368-SI, 2023 U.S. Dist. LEXIS 131579, at *18–20 (N.D. Cal. July 28, 2023) (holding that defendant's submission of subsequent terms created a factual issue of whether he agreed to those new terms).

Further, the Terms are nowhere referenced in the Complaint—either explicitly *or* by "incorporation." *See generally* ECF No. 1. Accordingly, notice fails the first necessary step of *Marder v. Lopez*; "the complaint [does not] refer to the document." 450 F.3d at 448. Since it is indisputable that the Complaint does not refer to the Terms, Dollar Tree instead claims they are "incorporated by reference" because the "Privacy Policy references the Terms" and "[t]he Terms, in turn, explicitly refence the Privacy Policy." ECF No. 19 at 6–7. But Dollar Tree relies on an irrelevant Privacy Policy and Terms. Moreover, Plaintiffs dispute that the Terms apply to them and that a valid contract was formed. Indeed, the popup cookie consent banner does not even refence the Terms. ECF No. 1 ¶ 1. Thus, there are no evidence in the record establishing that Plaintiffs assent to the Terms.

Dollar Tree nevertheless persists that the "Terms may likewise be incorporated by reference as part of an additional writing that, together with the Privacy Policy, makes up a part of the same transaction." ECF No. 19 at 7–8. But Dollar Tree's argument is in direct conflict with various Ninth Circuit opinions as discussed in Plaintiffs' opposition to Dollar Tree's motion to transfer, including *Chabolla v. Classpass Inc.*, 129 F.4th 1147, 1154 (9th Cir. 2025) and *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022).

Moreover, Dollar Tree's reliance on Cal. Civ. Code § 1642 is flawed because it is "applied to writings executed contemporaneously." *Mut. Trading Co. v. Asahi Shuzo Kabushiki Kaisha*, No. CV 20-05815PA (GJSx), 2021 U.S. Dist. LEXIS 29090, at *9 (C.D. Cal. Feb. 3, 2021). Plaintiffs visited the Dollar Tree Website and browsed it because Dollar Tree promised that Plaintiffs would not be tracked, based on the cookie banner. Dollar Tree does not explain why the Terms are necessary to that separate agreement. In fact, they are not, as the Terms are nowhere referenced on the cookie banner. ECF 1 ¶ 1.

Even assuming the updated Privacy Policy applied to Plaintiffs, it would still be inappropriate to judicially notice the Terms because incorporation is not "clear and unequivocal." *Shaw v. Regents of Univ. of Cal.*, 58 Cal. App. 4th 44, 54 (2009). Although a "contract need not recite that it 'incorporates' another document'" it "must 'guide[] the reader to the incorporated document' such that the terms referenced are 'easily accessible to the contracting parties.'" *Id.*

at 54–55. Here, the updated Privacy Policy does not incorporate the Terms clearly and unequivocally; at most, over nine pages of terms, it makes one bare reference to the Terms for "coupons or . . . discount." ECF 19-1 at 14 of 28. As such, Dollar Tree's incorporation by reference argument fails.

## III. CONCLUSION

For the foregoing reasons, Dollar Tree's Request for Judicial Notice must be denied except as to Bowman Decl., Ex. 3. ECF No. 19-1 at 28 of 28.

Dated: June 10, 2025

**GUTRIDE SAFIER LLP**

*<u>/s/ Seth A. Safier</u>*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
Anthony J. Patek (State Bar No. 228964)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*