JASON D. RUSSELL (SBN 169219)
Jason.Russell@skadden.com
HILLARY A. HAMILTON (SBN 218233)
Hillary.Hamilton@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JAMES Y. PAK (SBN 304563)
James.Pak@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: 650) 470-4500
Facsimile: (650) 470-4570

OF COUNSEL:
MICHAEL W. MCTIGUE
Michael.McTigue@skadden.com
MEREDITH C. SLAWE
Meredith.Slawe@skadden.com
COLM P. MCINERNEY
Colm.McInerney@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendant,*
*Dollar Tree Stores, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MARCO WALSH, HOWARD YOSHA, and ERICA MALDONADO, as individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

vs.

DOLLAR TREE STORES, INC.,

Defendant.

Case No. 5:25-cv-01601-SVK

**DOLLAR TREE STORES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Hearing Date: July 29, 2025
Hearing Time: 10:00 a.m.
Judge: Hon. Judge Susan van Keulen
Courtroom: San Jose, Courtroom 6

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

I. Plaintiffs Suffered No Injury-In-Fact And Lack Standing .......... 2

II. Venue Remains Improper As To Two Of The Three Plaintiffs .......... 5

III. Plaintiffs Have Not Plausibly Stated A Claim For Relief .......... 7

A. The Privacy Claims Fail Because No Highly Sensitive Data Was Disclosed, and There Is No Reasonable Expectation of Privacy .......... 7

B. Plaintiffs Cannot State Claims Under CIPA § 631(a) Because Numerous Deficiencies Exist .......... 9

C. Plaintiffs Cannot State Pen Register Claims Under CIPA § 638.51 .......... 11

D. The Common Law Fraud, Deceit, And Misrepresentation Claim Lacks Particularity And Must Be Dismissed .......... 12

E. The Contract Claims Fail Because There Are No Damages, And Unjust Enrichment Is Duplicative Of Other Claims .......... 12

F. The Trespass To Chattels Claim Fails Because The Conduct Was Not Intentional And There Was No Damage To A Computer .......... 14

CONCLUSION .......... 15

## TABLE OF AUTHORITIES

**Cases** **Page(s):**


*Ambriz v. Coca Cola Co.*,
No. 13-cv-03539-JST, 2014 Wl 296159 (N.D. Cal. Jan. 27, 2014) ....................................... 6

*Badvipour v. Blinken*,
No. 8:24-cv-01458-DOC-KES, 2025 WL 855753 (C.D. Cal. Jan. 7, 2025) .......................... 6

*Barnert v. HP, Inc.*,
No. 21-cv-05199-SVK, 2021 WL 8895260 (N.D. Cal. Dec. 17, 2021) ................................. 3

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................ 10

*Bennett v. Ohio National Life Assurance Corp.*,
92 Cal. App. 5th 723 (2023) ............................................................................................ 12

*Best Carpet Values, Inc. v. Google, LLC*,
90 F.4th 962 (9th Cir. 2024) ............................................................................................ 14

*Beyard v. Pentagon Federal Credit Union*,
No. 1:21-cv-01063-KJM-SAB, 2025 WL 418706 (E.D. Cal. Feb. 6, 2025) ....................... 1, 6

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) .......................................................................... 3, 8, 9

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .......................................................................................................... 6

*Cabrera v. Google LLC*,
No. 5:11-cv-01263-EJD, 2023 WL 5279463 (N.D. Cal. Aug. 15, 2023) ............................ 12

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605 (N.D. Cal. 2021) ........................................................................ 8, 9, 13

*Campbell v. Facebook, Inc.*,
951 F.3d 1106 (9th Cir. 2020) ........................................................................................... 3

*Carrico v. California Home Builders*,
No. CV 23-3983-DMG (ASx), 2024 WL 1984565 (C.D. Cal. Mar. 29, 2024) .................... 11

*Casillas v. Transitions Optical, Inc.*,
No. 23STCV30742, 2024 WL 4873370 (Cal. Super. Ct. Sept. 9, 2024) ............................. 11

*Cody v. Ring LLC*,
No. 23-cv-00562-AMO, 2025 WL 240763 (N.D. Cal. Jan. 16, 2025) ................................. 10

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ........................................................................ 14, 15

*Doe v. Amgen, Inc.*,
No. 2:23-cv-07448-MCS-SSC, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024) .................... 11

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) .......... 13

*In re Facebook Inc. Internet Tracking Litigation*,
956 F.3d 589 (9th Cir. 2020) .......... 3, 8, 12

*Gabrielli v. Insider, Inc.*,
No. 24-cv-01566 (ER), 2025 WL 522515 (S.D.N.Y. Feb. 18, 2025) .......... 1, 3

*Gerlinger v. Amazon.Com, Inc.*,
311 F. Supp. 2d 838 (N.D. Cal. 2004) .......... 14

*In re Google Assistant Privacy Litigation*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) .......... 5

*In re Google Inc. Cookie Placement Consumer Privacy Litigation*,
934 F.3d 316 (3d Cir. 2019) .......... 4

*In re Google Location History Litigation*,
514 F. Supp. 3d 1147 (N.D. Cal. 2021) .......... 8

*In re Google RTB Consumer Privacy Litigation*,
606 F. Supp. 3d 935 (N.D. Cal. 2022) .......... 13

*In re Google, Inc. Privacy Policy Litigation*,
No. C-12-01382-PSG, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) .......... 4

*Guz v. Bechtel National, Inc.*,
24 Cal. 4th 317 (2000) .......... 13

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......... 8

*Hart v. TWC Product & Technology LLC*,
526 F. Supp. 3d 592 (N.D. Cal. 2021) .......... 8

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009) .......... 7

*Hubbard v. Google LLC*,
No. 19-cv-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) .......... 5, 12, 14

*Huynh v. Quora, Inc.*,
No. 18-cv-07597-BLF, 2019 WL 11502875 (N.D. Cal. Dec. 19, 2019) .......... 5

*In re Illuminate Education Data Security Incident Litigation*,
No. SACV 22-1164 JVS (ADSx), 2023 WL 3158954 (C.D. Cal. Apr. 19, 2023) .......... 4

*Intel Corp. v. Hamidi*,
30 Cal. 4th 1342 (2003) .......... 14

*In re iPhone Application Litigation*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) .......... 15

*James v. Walt Disney Co.*,
701 F. Supp. 3d 942 (N.D. Cal. 2023) .......... 10

*Jane Doe v. Tenet Healthcare Corp.*,
No. 1:23-cv-01106-DC-CKD, 2025 WL 1635956 (E.D. Cal. June 9, 2025) .......... 5

*Jones v. Ford Motor Co.*,
85 F.4th 570 (9th Cir. 2023) .......... 3

*Katz-Lacabe v. Oracle America, Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 7, 9

*Khamooshi v. Politico LLC*,
No. 24-cv-07836-SK, 2025 WL 1408896 (N.D. Cal. May 13. 2025) .......... 4

*Kim v. McDonald's USA, LLC*,
No. 21-cv-05287, 2022 WL 4482826 (N.D. Ill. Sept. 27, 2022) .......... 4

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-cv-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025) .......... 3, 8

*Klein v. Meta Platforms, Inc.*,
766 F. Supp. 3d 956 (N.D. Cal. 2025) .......... 4

*Kotlarsz v. Integrity Vehicle Services, Inc.*,
No. 8:24-cv-00569-FWS-JDE, 2024 WL 4800695 (C.D. Cal. Sept. 3, 2024) .......... 11

*Kumandan v. Google LLC*,
No. 19-cv-04286-BLF, 2023 WL 8587625 (N.D. Cal. Dec. 11, 2023) .......... 5

*LaGuardia v. Designer Brands, Inc.*,
No. 19cv1568 JM(BLM), 2020 WL 2463385 (S.D. Cal. May 7, 2020) .......... 6

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. 2023) .......... 4

*Lightoller v. Jetblue Airways Corp.*,
No. 23-cv-00361-H-KSC, 2023 WL 3963823 (S.D. Cal. June 12, 2023) .......... 4

*McCoy v. Alphabet, Inc.*,
No. 20-cv-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) .......... 5

*In re Meta Healthcare Pixel Litigation*,
713 F. Supp. 3d 650 (N.D. Cal. 2024) .......... 5, 15

*Parkridge Ltd. v. Indyzen, Inc.*,
No. 16-cv-07387-JSW, 2023 WL 3152290 (N.D. Cal. Mar. 15, 2023) .......... 13

*Revitch v. New Moosejaw, LLC*,
No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 11

*Rodriguez v. Google LLC*,
No. 20-cv-04688-RS, 2024 WL 38302 (N.D. Cal. Jan. 3, 2024) .......... 5, 12

*Rodriguez v. Google LLC*,
No. 20-cv-04688-RS, 2021 WL 2026726 (N.D. Cal. May 21, 2021) ................................ 8, 9

*Ruiz v. Gap, Inc.*,
380 F. App'x 689 (9th Cir. 2010) ................................................................................ 12

*Saeedy v. Microsoft Corp.*,
No. 23-cv-1104, 2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) .................................... 3, 4

*Saravia v. Sessions*,
280 F. Supp. 3d 1168 (N.D. Cal. 2017), *aff'd*, 905 F.3d 1137 (9th Cir. 2018) ....................... 6

*Shah v. Hilton Worldwide Holdings Inc.*,
No. 25-cv-01018-EKL, 2025 WL 1683577 (N.D. Cal. June 11, 2025).................................. 7

*Silver v. Stripe Inc.*,
No. 4:20-cv-08196-YGR, 2021 WL 3191752 (N.D. Cal. July 28, 2021) ......................... 8, 14

*Sloan v. General Motors LLC*,
No. 16-cv-07244-EMC, 2020 WL 1955643 (N.D. Cal. Apr. 23, 2020)............................... 14

*Smith v. YETI Coolers, LLC*,
No. 24-cv-01703-RFL, 2025 WL 877127 (N.D. Cal. Mar. 14, 2025).................................. 14

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ........................................................................ 10

*St. Aubin v. Carbon Health Technologies, Inc.*,
No. 24-cv-00667-JST, 2024 WL 4369675 (N.D. Cal. Oct. 1, 2024)...................................... 8

*Thomas v. Papa Johns International, Inc.*,
No. 22cv2012 DMS (MSB), 2024 WL 2060140 (S.D. Cal. May 8, 2024),
*aff'd*, No. 24-355, 2025 WL 1704437 (9th Cir. June 18, 2025)............................................. 9

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)............................................................................................... 3

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) ..................................................................................... 8

*United States v. Gonzalez, Inc.*,
412 F.3d 1102 (9th Cir. 2005),
*amended in part on other grounds on denial of reh'g*, 437 F.3d 854 (9th Cir. 2006)........... 11

*Valenzuela v. Kroger Co.*,
No. CV 22-6382-DMG (AGRx), 2024 WL 1336959 (C.D. Cal. Mar. 28, 2024) ................. 10

*Wilson v. Holder*,
7 F. Supp. 3d 1104 (D. Nev. 2014)............................................................................ 11

*Winsor v. Sequoia Benefits & Insurance Services, LLC*,
62 F.4th 517 (9th Cir. 2023) ...................................................................................... 2

*In re Yahoo Mail Litigation*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ............................................................................ 8

*In re Zynga Privacy Litigation*,
750 F.3d 1098 (9th Cir. 2014) ........................................ 8, 9

**Statutes and Rules**

28 U.S.C. § 1391(b) ........................................ 5, 6

28 U.S.C. § 1391(e)(1) ........................................ 6

28 U.S.C. § 1404(a) ........................................ 7

Fed. R. Civ. P. 9(b) ........................................ 12

Cal. Penal Code § 20 ........................................ 10

Cal. Penal Code §§ 630-638.55 ........................................ 2

Cal. Penal Code § 631(a) ........................................ 9, 10, 11

Cal. Penal Code § 638.50(b) ........................................ 11

Cal. Penal Code § 638.51 ........................................ 2, 11

Cal. Assem. B. 929 (2015–2016 Reg. Sess.) (enacted Apr. 21, 2015) ........................................ 11

**PRELIMINARY STATEMENT**

Defendant Dollar Tree established in its Motion to Dismiss (ECF 18) ("Motion") that this case should be dismissed because: (i) Plaintiffs lack standing; (ii) venue is improper for two of the three Plaintiffs; and (iii) each of Plaintiffs' claims fails to allege (and cannot allege) material elements such that they should be dismissed. Plaintiffs' Opposition largely ignores these issues and, in so doing, effectively concedes that the Complaint fails to state *any* viable claims and should be dismissed.[1]

*First*, Dollar Tree established that Plaintiffs lack standing because they failed to allege anything more than a bare statutory violation and could not identify any concrete, particularized injury that could possibly support their sweeping claims. In response, Plaintiffs gamely insist that mere threadbare assertions of harm to inchoate privacy rights are sufficient to sustain a claim. But their counsel knows better, as courts have recently rejected virtually identical arguments to those presented here. *See, e.g.*, *Gabrielli v. Insider, Inc.*, 2025 WL 522515, at *3 (S.D.N.Y. Feb. 18, 2025) (holding that "[s]tatutory violations alone typically do not satisfy the concrete harm requirement"). Dollar Tree showed, and Plaintiffs simply ignore, that there is no alleged, never mind actual, harm with respect to any loss of privacy, loss of value of their communications, or damage to their personal devices. Lacking harm, Plaintiffs' claims all fail and should be dismissed with prejudice. (*Infra* §I.)

*Second*, this action should be dismissed as to Plaintiffs Yosha and Maldonado because they cannot establish venue for their claims because they do not live in this District and their claims have no nexus to this District. Undaunted, Plaintiffs respond by suggesting that this Court exercise pendent venue but their own cases reject this notion, holding that, absent exceptional circumstances, "in the case of a class action, each named plaintiff must show the district is a proper venue for the claims they assert." *Beyard v. Pentagon Fed. Credit Union*, 2025 WL 418706, at *5 (E.D. Cal. Feb. 6, 2025) (cited by Plaintiffs). Plaintiffs do not, because they cannot, establish such exceptional circumstances and so the claims of Yosha and Maldonado must be dismissed. (*Infra* §II.)

*Finally*, Plaintiffs assert a hodge-podge of claims, but even a cursory analysis of them confirms that Plaintiffs failed to allege a single viable claim. For instance, Plaintiffs allege various

---

[1] Unless noted, all emphases are added, and all citations, alterations, and internal punctuation are omitted from quoted material. Capitalized terms have the same meaning as defined in the Motion.

privacy claims, but fail to allege any specific sensitive information was disclosed or that they had any reasonable expectation that the information that allegedly was disclosed should be protected. (*Infra* §3.A.) Similarly, Plaintiffs allege claims under the California Invasion of Privacy Act ("CIPA"), but have no answer to the fact that no "contents" of any communications were disclosed and that Plaintiffs failed to allege any facts to support their aiding and abetting theory. (*Infra* §3.B.) Plaintiffs' pen register claim under CIPA § 638.51 fails because that statutory provision applies to telephone, not internet communications, as many courts have already concluded. (*Infra* §3.C.) And Plaintiffs' misrepresentation and fraud claims fail because they do nothing more than make bald assertions, bereft of any factual detail or support. (*Infra* §3.D.)

Simply stated, Plaintiffs' claims fail, for multiple reasons, to state a claim and so the Complaint should be dismissed in its entirety and with prejudice.[2]

## ARGUMENT

### I. PLAINTIFFS SUFFERED NO INJURY-IN-FACT AND LACK STANDING

Plaintiffs bear the burden of showing they have standing, and conclusory allegations of injury are insufficient. *See Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023). To invoke Article III standing, Plaintiffs must demonstrate that (i) they suffered a concrete, particularized, and actual or imminent injury, (ii) the injury was likely caused by defendant, and (iii) the injury can be redressed by judicial relief. *Id*. Plaintiffs do not meet this exacting standard because they offer only conclusory allegations of statutory violations combined with abstract claims of injury that are insufficient to confer standing. The arguments they raise in their Opposition are without merit for multiple reasons.

*First*, Plaintiffs argue that mere allegations of privacy violations under CIPA establish concrete injury-in-fact. Not so. In fact, the Supreme Court in *TransUnion* explicitly *rejected* the notion that "'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute

[2] Plaintiffs' Opposition also does not refute that this action is part of a wider campaign by Plaintiffs' Counsel to threaten and pursue the same claims against dozens—if not hundreds—of other companies, and that Plaintiffs' Counsel previously unsuccessfully pursued these same claims against Dollar Tree in arbitration. (*See* Motion at 1-9.) As set forth in Dollar Tree's RJN (*see* ECF 19) and concurrently filed RJN Reply, the Court may take judicial notice of those facts.

grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). A concrete injury-in-fact does *not* exist merely because a privacy interest exists. Courts in at least two recent cases have also reached the same conclusions as *TransUnion*. *See Gabrielli*, 2025 WL 522515, at *3 (holding that "[s]tatutory violations alone typically do not satisfy the concrete harm requirement"); *Saeedy v. Microsoft Corp*., 2023 WL 8828852, at *6 (W.D. Wash. Dec. 21, 2023) (holding that Saeedy has "not alleged a sufficiently concrete privacy injury" in collected browser information). Simply arguing a technical violation is not enough. Just last month, this District rejected standing based on an alleged violation of privacy brought by a plaintiff alleging a purported serious invasion. *Kishnani v. Royal Caribbean Cruises Ltd*., 2025 WL 1745726, at *3-4 (N.D. Cal. June 24, 2025) (granting motion to dismiss for lack of standing where plaintiff alleged TikTok extracted device and browser information, geographic information, name, date of birth, address, referral tracking and URL tracking to personally identify each site visitor).

*Second*, Plaintiffs' reliance on *Facebook Tracking* and its progeny is also misplaced. *See In re Facebook Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020). In that case, Facebook was alleged to have captured cross-site browsing histories and correlated them to social media profiles. In contrast, Plaintiffs allege here that they interacted with the Dollar Tree cookie consent banner, and then further browsed the Website. There is no allegation that any of the third-party technologies identified in the Complaint perform any such correlation between users and their social media profiles, or even that Plaintiffs have social media profiles at all. Nor is there any explanation for how such a correlation could have occurred when Plaintiffs did nothing more than interact with the cookie consent banner and browse the Website.

Plaintiffs' other cases are also distinguishable because none of them involved purported injury from web browsing after an interaction with a cookie consent banner. *See, e.g.*, *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1119 (9th Cir. 2020) (alleged interception of URLs shared in private messages); *Barnert v. HP, Inc.*, 2021 WL 8895260 (N.D. Cal. Dec. 17, 2021) (alleged failed printer ink cartridge delivery); *Jones v. Ford Motor Co.*, 85 F.4th 570, 574 (9th Cir. 2023) (alleged downloading of text messages and call logs); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 927 (N.D. Cal. 2023)

("incognito" browsing); *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1103 (C.D. Cal. 2023) (chat feature). The actions in those cases were far more involved than here.

In any event, in the words of a recent decision, it would be "untenable" to rely on the holding of *Facebook Tracking* after the Supreme Court's decision in *TransUnion*. *Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *3 (S.D. Cal. June 12, 2023); *see also Khamooshi v. Politico LLC*, 2025 WL 1408896, at *4 (N.D. Cal. May 13. 2025) (disclosure of IP address, browser, and device data alleged as a CIPA violation "does not automatically give rise to a concrete injury"). Plaintiffs' reliance on cases predating *TransUnion* should be given little or no weight. *See, e.g.*, *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316 (3d Cir. 2019).

*Third*, Plaintiffs failed to plead any non-abstract injury-in-fact, and the Opposition merely confirms that critical flaw:

- *No Loss of Privacy*. The Complaint fails to allege that any sensitive personal information was disclosed to third parties. *See, e.g.*, *Kim v. McDonald's USA, LLC*, 2022 WL 4482826, at *7 (N.D. Ill. Sept. 27, 2022). Plaintiffs' attempt to distinguish *Kim* falls short. Separate from its finding that potential future disclosure of information was not concrete, the court found that the type of information at issue—in contrast to stolen credit card information, for example—was of a "non-sensitive nature." *Id.* at *5. California courts have adopted the reasoning in *Kim*. *See, e.g.*, *In re Illuminate Educ. Data Sec. Incident Litig.*, 2023 WL 3158954, at *5 (C.D. Cal. Apr. 19, 2023) (citing *Kim*). The Opposition cites nothing to rebut that fact.

- *No Loss in Value for Communications*. Allegations that there was diminished value in Plaintiffs' private and personal information and communications do not confer standing. *See In re Google, Inc. Priv. Pol'y Litig.*, 2013 WL 6248499, at *5 (N.D. Cal. Dec. 3, 2013); *Klein v. Meta Platforms, Inc.*, 766 F. Supp. 3d 956, 959-60 (N.D. Cal. 2025). But it matters not, because Plaintiffs do not allege that they ever sought to sell that information to someone else or that someone else sought to purchase it. *Saeedy*, 2023 WL 8828852, at *7 ("Plaintiffs have failed to allege *how they were personally injured* by the collection of their data sufficient to establish standing for their property-related claims."). Recognizing that they failed to plead this crucial requirement, Plaintiffs contend that pleading diminished value conflates standing and damage. Not so. In fact, Plaintiffs'

primary case on this point—*Rodriguez v. Google LLC*, 2024 WL 38302 (N.D. Cal. Jan. 3, 2024)—is inapposite because it also involves a damages calculation. *Id.* Regardless, *Rodriguez* does not absolve Plaintiffs of their duty to specify *how* their own data's value, whatever value it has, corresponds to a realistic economic harm or loss because, as this Court found recently, courts will not infer reduction in value based on the mere existence of a market for personal information. *Hubbard v. Google LLC*, 2024 WL 3302066, at *9 (N.D. Cal. July 1, 2024) (van Keulen, J.).

- *No Loss in Value of Devices*. Allegations that storage of cookies "interfered" with the "use" of Plaintiffs' property and information also do not confer standing. Plaintiffs rely on *In re Meta Healthcare Pixel Litigation*, 713 F. Supp. 3d 650 (N.D. Cal. 2024), but that case involved alleged *actual* injuries resulting from the cookies placed by Meta. *Id.* at 658 (plaintiffs must demonstrate some "measurable impact on their devices"); *Jane Doe v. Tenet Healthcare Corp.*, 2025 WL 1635956, at *24 (E.D. Cal. June 9, 2025) (rejecting attempt to rely on *Meta Healthcare Pixel Litig.* where plaintiffs had not shown any "measurable decrease in storage, memory, or any other impairment to their computing devices' functioning"). Here, by contrast, Plaintiffs do not (and cannot) offer any allegations to show actual harm to their devices.

- *No Injury in Contract*. Plaintiffs allege that they only browsed the Website and did not make any purchases, and their own allegations establish they can never allege consideration or injury in contract. *See Huynh v. Quora, Inc.*, 2019 WL 11502875, *10 (N.D. Cal. Dec. 19, 2019) ("Plaintiffs have not shown that they paid anything for the asserted privacy protections[.]"). Plaintiffs' Opposition cites cases that are readily distinguishable. *See Kumandan v. Google LLC*, 2023 WL 8587625, at *1 (N.D. Cal. Dec. 11, 2023) (addressing class certification, not the merits of a contract claim); *McCoy v. Alphabet, Inc.*, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) (issue of consideration not before the court). In fact, the court in *In re Google Assistant Privacy Litigation*, 457 F. Supp. 3d 797 (N.D. Cal. 2020)—also cited by Plaintiffs—rejected a damages theory, finding that plaintiffs had "not alleged that they paid anything" as the service at issue was provided for free. *Id.* at 834 ("[I]t cannot be said that Plaintiffs received less than what they paid for—they appeared to have paid nothing.").

## II. <u>VENUE REMAINS IMPROPER AS TO TWO OF THE THREE PLAINTIFFS</u>

Plaintiffs do not carry their burden to prove venue is proper under 28 U.S.C. § 1391(b). It is

long-settled that for a court to have personal jurisdiction over a defendant, a plaintiff's injury must "arise out of or relate to" defendant's forum-related activity. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Plaintiffs Yosha and Maldonado admit that they reside in the Central and Southern Districts of California, respectively. (Compl. ¶¶ 7-8.) The injury that they allege has nothing to do with Dollar Tree's alleged forum-related activity of placing third-party cookies on devices in the Northern District of California. *See Ambriz v. Coca Cola Co.*, 2014 WL 296159, at *6 (N.D. Cal. Jan. 27, 2014) ("[I]t is the named plaintiff's claim that must arise out of or result from the defendant's forum-related activities, not the claims of the unnamed members of the proposed class[.]").

Plaintiffs therefore incorrectly argue that their activity has no bearing on the personal jurisdiction analysis. (Opp'n at 9.) Plaintiffs' reference to Dollar Tree's physical stores in California is also inapposite because those stores have no relation to any Plaintiffs' claimed injury. Put simply, Plaintiffs Yosha and Maldonado's claims have no connection *to this District*, so this District has no personal jurisdiction over them.

Only Plaintiff Walsh resides in this District (*see* Compl. ¶ 6), and his minimal connection to this District does not save Plaintiffs Yosha and Maldonado's claims either. *See LaGuardia v. Designer Brands, Inc.*, 2020 WL 2463385, at *5 (S.D. Cal. May 7, 2020). Plaintiffs argue that the pendent venue doctrine allows Plaintiff Walsh's connection to this District to buoy his fellow Plaintiffs, but Plaintiffs' cited cases note that their holdings are exceptions to the general rule and even cite cases in this District that hold otherwise. *See Beyard*, 2025 WL 418706, at *5 (acknowledging ""general rule"" that "courts in multiple circuits, including the Ninth Circuit, have held that each plaintiff—or in the case of a class action, each named plaintiff—must show the district is a proper venue for the claims they assert"); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1191 (N.D. Cal. 2017) (quoted by *Beyard*) ("At least in most instances, the rule in a proposed class action is that each named plaintiff must independently establish venue."), *aff'd*, 905 F.3d 1137 (9th Cir. 2018). Plaintiffs also cite *Badvipour v. Blinken*, 2025 WL 855753 (C.D. Cal. Jan. 7, 2025), but that case is easily distinguishable because it involved a lawsuit brought against the government, where venue is governed by 28 U.S.C. § 1391(e)(1) and not § 1391(b). *See Badvipour*, 2025 WL 855753, at *5.

The Opposition's reliance on *Briskin* is also misplaced. This District recently clarified how

*Briskin* applies to finding purposeful availment by a corporate defendant in a nearly identical cookie case brought by Plaintiffs' Counsel. *See Shah v. Hilton Worldwide Holdings Inc.*, 2025 WL 1683577, at *2 (N.D. Cal. June 11, 2025) (granting motion to dismiss for lack of personal jurisdiction because defendant has not "targeted a California consumer" or "used the consumer's data to further target businesses in California"). Similarly, Plaintiffs here do not allege (and cannot allege) that Dollar Tree "targeted" them with the knowledge that they were California residents, nor that it used their data to further target California business. *Id.* Plaintiffs' reference to Dollar Tree's Privacy Policy is also unavailing under *Briskin* as well. *Id.* at *2 ("If a privacy statement on a website was deemed sufficient to establish personal jurisdiction in any state in which a user interacted with the statement, personal jurisdiction would attach in virtually all forums. This would undermine the very notion of specific jurisdiction.").

Additionally, as detailed in Dollar Tree's Motion to Transfer (ECF 17) and concurrently filed Reply in Support of Motion to Transfer, this action should be transferred to the Eastern District of Virginia under 28 U.S.C. § 1404(a) pursuant to the forum-selection clause in the Dollar Tree Website's Terms or, alternatively, because Dollar Tree is headquartered in Virginia and the witnesses and evidence are there, so transfer is in the interests of justice and for the convenience of the parties and witnesses.

## III. PLAINTIFFS HAVE NOT PLAUSIBLY STATED A CLAIM FOR RELIEF

### A. THE PRIVACY CLAIMS FAIL BECAUSE NO HIGHLY SENSITIVE DATA WAS DISCLOSED, AND THERE IS NO REASONABLE EXPECTATION OF PRIVACY

Plaintiffs fail to allege a claim for either invasion of privacy or intrusion upon seclusion and the arguments they raise in their Opposition are not persuasive.

*First*, the actions underlying claims for either cause of action must be either "highly offensive to a reasonable person" or be an "egregious breach of social norms" underlying the privacy right. *See, e.g.*, *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286, 294 (2009). Plaintiffs try to argue that highly offensive data elements were shared with third parties, but rely on cases that pertain to *actual* highly offensive data elements or actions—none of which are alleged or applicable here. *See Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 942 (N.D. Cal. 2023) ("'sensitive health and personal safety

information'"); *St. Aubin v. Carbon Health Techs., Inc.*, 2024 WL 4369675, at *13 (N.D. Cal. Oct. 1, 2024) (patients' medical communications, personally identifiable information, and person health information); *Silver v. Stripe Inc.*, 2021 WL 3191752, at *6 (N.D. Cal. July 28, 2021) (financial information); *In re Google Location Hist. Litig*., 514 F. Supp. 3d 1147, 1155 (N.D. Cal. 2021) (geolocation data while apps not in use); *Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 597, 602 (N.D. Cal. 2021) (same).

Plaintiffs' reliance on *Facebook Tracking* and other cases involving internet tracking technology are also distinguishable because courts in those cases were particularly concerned about the sensitive nature of various websites that a user may visit—a concern that is not present here since it only involves the Dollar Tree Website. *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 629 (N.D. Cal. 2021) ("[T]he Ninth Circuit emphasized that some of the alleged data collected was sensitive, such as information about a user's visits to sensitive websites."); *Brown*, 685 F. Supp. 3d at 920 (Google alleged to have taken "users' private browsing history and associate[] it with… preexisting user profiles."); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *8 (N.D. Cal. May 21, 2021) (Google is alleged to have collected "data akin to 'browsing habits and histories'"); *see also In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 603 (Facebook alleged to have "obtained a comprehensive browsing history of an individual, no matter how sensitive the websites visited").

As a fallback, Plaintiffs argue that a determination as to whether an invasion is "highly offensive" is premature at this stage of the pleadings. (*See* Opp'n at 12.) But the Opposition is unable to challenge any of the cases cited in the Motion that do exactly that. *See* Motion at 17. Where a court determines that plaintiffs have "not alleged that [Defendant's] conduct is plausibly 'highly offensive' or 'egregious'" those claims must be dismissed, even at this stage. *See, e.g., Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1091 (N.D. Cal. 2022) (dismissing claims at motion to dismiss stage).

*Second*, Plaintiffs did not have a reasonable expectation of privacy in the types of information they allege were shared since they are the exact type of information routinely collected by websites across the internet. *See United States v. Forrester*, 512 F.3d 500, 503 (9th Cir. 2008); *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014); *Kishnani*, 2025 WL 1745726, at *4 ("The mere collection of basic contact

information by... software, or where the plaintiffs merely visited the website, are not concrete harms."). Plaintiffs cite *Papa Johns* for the proposition that there is no "blanket rule" that internet activity can never be subject to a reasonable expectation of privacy. (Opp'n at 13.) However, the *Papa Johns* court explained there is no expectation of privacy on the internet except in a few narrow instances. *See Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, at *2 (S.D. Cal. May 8, 2024) ("Given the inherent nature of the internet, a number of courts have found that consumers do not have a reasonable expectation of privacy over their activity in that space."), *aff'd*, 2025 WL 1704437 (9th Cir. June 18, 2025). In fact, the *Papa Johns* court rejected a reasonable expectation of privacy in electronic communications with a website—including URLs of web pages visited and other types of information. *See id*. at *5 ("The type of data allegedly collected here is also a far cry from the type of data that supports a finding of a reasonable expectation of privacy.").

Plaintiffs' remaining arguments are unavailing because they rely on cases where—as discussed above—courts were concerned about the sensitive nature of various websites that a user may visit. *See, e.g.*, *Rodriguez*, 2021 WL 2026726, at *8; *Brown*, 685 F. Supp. 3d at 920; *Calhoun*, 526 F. Supp. 3d at 634.

### B. PLAINTIFFS CANNOT STATE CLAIMS UNDER CIPA § 631(A) BECAUSE NUMEROUS DEFICIENCIES EXIST

Dollar Tree identified numerous reasons why the CIPA claims should be dismissed as well. In their Opposition, Plaintiffs raise three primary arguments, none of which are availing.

*First*, while Plaintiffs allege that "record information" was transmitted to third parties, they do not allege that the "contents" of their communications were intercepted. *In re Zynga Priv. Litig.*, 750 F.3d at 1106 (defining "contents" under CIPA § 631(a)). Plaintiffs rely on *Katz-Lacabe* for the proposition that "contents" was adequately pled because "URLs and data entered into forms" were identified. (Opp'n at 15); *see also Katz-Lacabe*, 668 F. Supp. 3d at 945. But the court in *Katz-Lacabe* made clear that it was not URLs, but "the data entered into forms [which] resolves the question." *Id*. In other words, plaintiffs in that case performed searches and the contents of those searches were found to be the basis for plausibly alleging "contents." *Id*. The circumstances here are markedly different because Plaintiffs have not alleged that they performed any searches—only that they

browsed the Dollar Tree Website, such that no contents were disclosed.

*Second*, aiding and abetting under the fourth clause of CIPA § 631(a) is not a standalone cause of action. *See Cody v. Ring LLC*, 2025 WL 240763, at *4 (N.D. Cal. Jan. 16, 2025) ("Thus, to succeed on a claim under Section 631(a)'s fourth clause, [plaintiff] must sufficiently plead a violation by [third party] of one of Section 631(a)'s first three clauses for which [defendant] could be held liable. Because [plaintiff] has not done so, her claim under the fourth clause necessarily fails."). Plaintiffs cite *James v. Walt Disney Co.*, 701 F. Supp. 3d 942 (N.D. Cal. 2023), but that case does not address Plaintiffs' baseline pleading failure: without another prong, Plaintiffs' CIPA claims cannot stand on aiding and abetting. *See id.* at 953 (addressing intent to aid and abet but not whether aiding and abetting is a standalone claim). Plaintiffs all but concede this point when they appeal to "function" over "form," claiming that the Complaint alleges CIPA violations by third parties, just not in "element-by-element format." (Opp'n at 16.) But nowhere in the Complaint do Plaintiffs allege that any third party violated any of the first three clauses of CIPA § 631(a). Plaintiffs are required to provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). They did not. So their claim fails.

*Third*, the CIPA claim also requires "knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942 (N.D. Cal. 2024). Intent is required, and Plaintiffs did not satisfactorily allege that Dollar Tree had any intent to wiretap. Plaintiffs argue that "the plain text of CIPA 'does not include an intent standard'" but that misses the point. (Opp'n at 16-17); *see* Cal. Penal Code § 20 (every crime requires "act and intent"); *see also Valenzuela v. Kroger Co.*, 2024 WL 1336959, at *4 (C.D. Cal. Mar. 28, 2024) ("In the absence of an explicit statutory scienter requirement, in California civil actions, the common law definition [of aiding and abetting] applies."). Nor is *James* instructive on this point, since it did not involve a dispute as to whether intent was a required element for § 631(a). *See James*, 701 F. Supp. 3d at 953. In fact, Judge Chen in *James* assumed that both sides agreed that intent was required. *See id.* at 954 ("Plaintiffs do not fundamentally dispute that there must have been intent on the part of Disney to have Oracle intercept.").

The other cases that Plaintiffs rely upon only bolster Dollar Tree's arguments. In *Kotlarsz v.*

*Integrity Vehicle Services, Inc.*, 2024 WL 4800695 (C.D. Cal. Sept. 3, 2024), the court found that allegations that plaintiff "'aided, agreed with, employed, and conspired with" a third party to wiretap were "conclusory and insufficiently supported by factual allegations." *Id.* at *7 (dismissing Section 631(a) claim). In *Revitch* and *Amgen* the courts did not address the issue of intent specifically. *See Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019); *Doe v. Amgen, Inc.*, 2024 WL 3811251, at *2 (C.D. Cal. Aug. 13, 2024).

### C. PLAINTIFFS CANNOT STATE PEN REGISTER CLAIMS UNDER CIPA § 638.51

Plaintiffs' pen register claim under CIPA § 638.51 fails because it applies to the telephone, not the internet technology that is at issue in this case. *California Bill Analysis*, A.B. 929 Assem., 4/21/2015; *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1112-13 (9th Cir. 2005), *amended in part on other grounds on denial of reh'g*, 437 F.3d 854 (9th Cir. 2006); *Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *4 (Cal. Super. Ct. Sept. 9, 2024). Moreover, Plaintiffs admit that the communications intercepted here are "contents" under § 631(a), even though the statute specifically excludes "contents of a communication" from the definition of a pen register. *See* Cal. Penal Code § 638.50(b); (Compl. ¶ 143 (alleging that communications with third parties, including "browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data," are "contents")). Realizing the glaring deficiency, Plaintiffs in their Opposition try to backtrack and allege that some cookies may include "content" while others may include "record" information. (Opp'n at 20.) But the allegations in the Complaint remain controlling, and Plaintiffs cannot cure deficiencies in the Complaint by mere attorney argument. *See Carrico v. Cal. Home Builders*, 2024 WL 1984565, at *4 (C.D. Cal. Mar. 29, 2024) ("Plaintiff cannot attempt to cure defects in her complaint by including the necessary allegations in her opposition brief." (quoting *Wilson v. Holder*, 7 F. Supp. 3d 1104, 1122-23 (D. Nev. 2014)).

**D. THE COMMON LAW FRAUD, DECEIT, AND MISREPRESENTATION CLAIM LACKS PARTICULARITY AND MUST BE DISMISSED**

Plaintiffs have failed to allege intent, knowledge of falsity, or damages with any level of particularity. Federal Rule of Civil Procedure 9(b) demands a higher pleading standard for fraud by requiring particularity, something completely lacking in the Complaint and not remedied in the Opposition. Instead the Complaint merely alleges that the purported misrepresentations in Dollar Tree's cookie consent banner were "known exclusively to, and actively concealed" by Dollar Tree. (Compl. ¶ 164.) Plaintiffs' bare assertion of damages amounting to general allegation of loss is no better. *Id*. ¶ 166; *see also Hubbard*, 2024 WL 3302066, at *9 (van Keulen, J.) ("Plaintiffs do not allege sufficient facts from which the Court may reasonably infer that Defendants' misappropriation reduced the value of Plaintiffs' information…. [T]hey merely allege… 'there is a market for consumers to monetize Personal Information[.]'"). The Opposition seeks to distinguish *Hubbard*, but their only ground to do so is to claim they have put forward more theories of recovery than the plaintiff in *Hubbard*. (*See* Opp'n at 22.)

In Plaintiffs' estimation, the more theories of recovery, the more sound each one is. This sophistry does not dislodge the requirement that Plaintiffs allege that they have suffered actual damages. Plaintiffs' other supporting cases are equally unconvincing. *See Rodriguez*, 2024 WL 38302, at *10 (ruling on a *Daubert* motion having to do with an expert's calculation of actual damages and having nothing to do with damages as a pleading requirement for fraud, deceit or misappropriation); *In re Facebook Inc. Internet Tracking Litig.*, 956 F.3d at 598 (dealing with actual measurable profit that Facebook had gained by selling users' data directly to advertisers).

**E. THE CONTRACT CLAIMS FAIL BECAUSE THERE ARE NO DAMAGES, AND UNJUST ENRICHMENT IS DUPLICATIVE OF OTHER CLAIMS**

The contract and unjust enrichment claims should be dismissed, and the arguments in the Plaintiffs' Opposition simply confirm that outcome.

*First*, claims for breach of contract and breach of the implied covenant of good faith and fair dealing require actual damages. *See Ruiz v. Gap, Inc.*, 380 F. App'x 689, 692 (9th Cir. 2010); *Bennett v. Ohio Nat'l Life Assurance Corp.*, 92 Cal. App. 5th 723, 729 (2023). Plaintiffs' criticism of *Ruiz*

falls flat (*see* Opp'n at 23), as courts in this district have continued to follow *Ruiz* even after the cases that Plaintiffs cite. *See Cabrera v. Google LLC*, 2023 WL 5279463, at *6 & n.5 (N.D. Cal. Aug. 15, 2023) (finding that courts in this district are bound to follow Ninth Circuit precedent requiring "appreciable and actual damage"); *Parkridge Ltd. v. Indyzen, Inc.*, 2023 WL 3152290, at *1 (N.D. Cal. Mar. 15, 2023) ("It is well settled law in California that a breach of contract claim must include the essential element of damages.").

*Second*, Plaintiffs allege they lost the full benefit of the bargain, receiving "services from Defendant that were less valuable than described in the Privacy Policy." (Compl. ¶¶ 189, 200.) But they did not and do not allege that they paid to browse the Website. Without an allegation of consideration for their use of the Website, they are not entitled to claim the benefit of a bargain. Plaintiffs argue that "numerous courts have found that being caused to surrender more data without consent supports a breach of contract claim." (Opp'n at 23.) But the cases Plaintiffs rely on do not address the critical question of whether there was consideration. *See Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1085 (N.D. Cal. 2023) (court made no determination as to whether a contract existed, but instead examined whether provisions were "sufficiently definite"); *In re Google RTB Consumer Priv. Litig.*, 606 F. Supp. 3d 935, 943-44 (N.D. Cal. 2022) (court made no determination as to whether a contract existed but instead assumed a contract existed as an initial matter).

*Third*, Plaintiffs' claim for breach of implied covenant of good faith and fair dealing is duplicative of the breach of contract claim and should be dismissed. Plaintiffs alleges—without any evidence or support—that Dollar Tree acted in bad faith and therefore the claim should survive. But the cases that Plaintiffs rely upon are again inapposite. In *Guz v. Bechtel National*, the court did not save an implied covenant claim, but instead dismissed it. In doing so, it held that a "breach of the contract may also constitute a breach of the implied covenant of good faith and fair dealing… [b]ut insofar as the employer's acts are directly actionable as a breach of an implied-in-fact contract term, a claim that merely realleges that breach as a violation of the covenant is superfluous." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 352 (2000) (dismissing the implied covenant claim, finding no action for "bad faith breach"). In *Calhoun v. Google*, the court addressed the type of bad faith behavior that

may support an implied covenant claim—i.e., "circumventing cookie blockers." *Calhoun*, 526 F. Supp. 3d at 634. But Plaintiffs have made no such allegations here, nor could they.

*Finally*, Plaintiffs' unjust enrichment claim also fails because Plaintiffs already allege the existence of a purported contract—the Dollar Tree Privacy Policy—and breach of that contract. (Compl. ¶ 184.) Plaintiffs argue that they should be permitted to plead in the alternative, but they cannot have it both ways. Put another way, they cannot allege an express contract and then seek restitution under a claim that requires the absence of that contract. *See Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("[U]njust enrichment is an action in quasi-contract" and "cannot lie where a valid express contract covering the same subject matter exists between the parties."); *Sloan v. Gen. Motors LLC*, 2020 WL 1955643, at *27 (N.D. Cal. Apr. 23, 2020); *Hubbard*, 2024 WL 3302066, at *6 (van Keulen, J.) ("[W]here the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, [equitable relief] is not a true alternative theory of relief but rather is duplicative of those legal causes of action."); *Silver*, 2021 WL 3191752, at *8-9 (dismissing unjust enrichment claim as duplicative).

### F. THE TRESPASS TO CHATTELS CLAIM FAILS BECAUSE THE CONDUCT WAS NOT INTENTIONAL AND THERE WAS NO DAMAGE TO A COMPUTER

Trespass to chattels requires intentional interference with the possession of personal property. *See Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 968 (9th Cir. 2024). But there is no credible allegation that Dollar Tree intentionally placed cookies on Plaintiffs' computers without consent, only bare allegations. (*See, e.g.*, Compl. ¶¶ 203, 205.) The mere fact that Dollar Tree used third-party technologies does not establish intent. *See Smith v. YETI Coolers, LLC*, 2025 WL 877127, at *1 (N.D. Cal. Mar. 14, 2025) (finding in wiretapping context that placement of technology on website to "collect[] consumers' sensitive information" was "insufficient to support a plausible inference that [d]efendant knowingly agreed with or employed [the technology] to engage in conduct").

Moreover, for "electronic contact to be a trespass to computer systems" there must generally be "some actual or threatened interference with the computers' functioning." *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 846 (N.D. Cal. 2024); *see also Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1347

(2003) (trespass to chattels "does not encompass… an electronic communication that neither damages the recipient computer system nor impairs its functioning"). This bar is not nominal. Courts look for a "significant reduction in service constituting an interference with the intended functioning of the system." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1069 (N.D. Cal. 2012). Plaintiffs have alleged no specific facts showing any sort of interference with the intended functioning of their devices. Moreover, Plaintiffs' reliance on *Meta Healthcare Pixel* is misplaced because that case involved allegations of "measurable impact" on the devices at issue—no such allegation is made here. *In re Meta Healthcare Pixel Litig.*, 713 F. Supp. 3d at 659. And unlike *Meta Healthcare Pixel*, Plaintiffs here have not alleged *how* the presence of any cookies placed on their devices resulted in "any cognizable reduction in storage, disk space, or performance." *Doe I*, 741 F. Supp. 3d at 846 (granting motion to dismiss where plaintiffs had offered "no factual support" for allegations of trespass).

## CONCLUSION

For these additional reasons and for the reasons stated in the Motion, Dollar Tree respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

DATED: July 8, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Jason D. Russell*
Jason D. Russell

*Attorneys for Defendant,*
*Dollar Tree Stores, Inc.*