JASON D. RUSSELL (SBN 169219)
Jason.Russell@skadden.com
HILLARY A. HAMILTON (SBN 218233)
Hillary.Hamilton@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JAMES Y. PAK (SBN 304563)
James.Pak@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:(650) 470-4500
Facsimile: (650) 470-4570

OF COUNSEL:
MICHAEL W. MCTIGUE
Michael.McTigue@skadden.com
MEREDITH C. SLAWE
Meredith.Slawe@skadden.com
COLM P. MCINERNEY
Colm.McInerney@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendant,*
*Dollar Tree Stores, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MARCO WALSH, HOWARD YOSHA, and ERICA MALDONADO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DOLLAR TREE STORES, INC.,

Defendant.

Case No.: 5:25-cv-01601-SVK

**DOLLAR TREE STORES, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

Hearing Date: July 29, 2025
Hearing Time: 10 a.m.
Judge: Hon. Judge Susan van Keulen

# INTRODUCTION

Defendant Dollar Tree established in its Request for Judicial Notice ("RJN") that the Court may properly judicially notice Exhibits 1-9 to the Declaration of James Y. Pak ("Pak Decl. Exs.") and Exhibits 1-3 to the Declaration of Daniel Bowman ("Bowman Decl. Exs."). Plaintiffs offer no credible authority or arguments to the contrary in their Opposition to Dollar Tree's RJN ("Opposition" or "Opp'n"), instead relying on unsupported statements and inapposite case law, as shown below.

## I. PLAINTIFFS CANNOT REFUTE THAT THE COURT MAY TAKE JUDICIAL NOTICE OF PLAINTIFFS' COUNSEL'S SOLICITATIONS AND THE DOLLAR TREE WEBSITE, PRIVACY POLICY, AND TERMS AS PUBLICLY AVAILABLE DOCUMENTS

As demonstrated in Dollar Tree's RJN, because Plaintiffs' Counsel's online solicitations (including against Dollar Tree) (Pak Decl. Exs. 1, 3, 5, 6), the online claims forms that those solicitations linked to (*id.*, Exs. 2 & 4), and the Dollar Tree Website and the Website's Privacy Policy and Terms (Bowman Decl. Exs. 1-3) are or previously have been publicly available on various websites, the Court may judicially notice these documents. (RJN at 5-6.) Further, the Court may do so even though the facts contained in the documents may be subject to dispute. (*See id.* at 6.)[1]

Plaintiffs make no attempt to refute—or even address—any of these arguments, because they cannot. Indeed, Plaintiffs' Counsel recently filed a Request For Judicial Notice relating to a pending motion to dismiss in another case in the Northern District of California, requesting the court take judicial notice of certain web pages precisely because "'[w]ebsites and their contents may be proper subjects for judicial notice.'" *Gabrielli v. Upbound Grp., Inc.*, No. 4:25-cv-00631-HSG (N.D. Cal.), ECF 22 (quoting *Love v. Int'l Hotel Assocs. No. 2 LLC*, No. 20-cv-08689-HSG, 2021 WL 4482106, at *2 (N.D. Cal. Sept. 30, 2021)).[2]

---

[1] For example, Dollar Tree disagrees with the assertions in Plaintiffs' Counsel's solicitations that it engaged in any "Privacy Violations" but does not dispute the fact of the solicitations themselves.

[2] Unless otherwise noted, all emphases are added, and all citations, alterations, and internal punctuation are omitted from quoted material. Capitalized terms have the same meaning as defined in the RJN.

Unable to refute the well-settled law (as acknowledged by their own counsel), Plaintiffs instead complain about the length of the materials, protesting that Dollar Tree seeks judicial notice of "a plethora of documents, including: over fifty pages duplicating Plaintiffs' counsel's solicitation advertisement [sic] used in this case" (Opp'n at 2) and to "introduce over fifty pages of Plaintiffs' counsel's solicitations… and screenshots from Plaintiffs' counsel's website" (*id.*). Plaintiffs rely on a single, decades-old case, *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022 (9th Cir. 2006), which addressed judicial notice in a single footnote—and in that case the court in fact took judicial notice of four of the six documents at issue, *including of the two publicly available websites*. *Id.* at 1025 n.2. Plaintiffs do not cite any cases holding the number of pages in a document is considered in the judicial notice analysis; indeed, courts regularly take judicial notice of incidentally-lengthy documents when they are properly the subject of such notice. *See, e.g.*, *Cnty. of Stanislaus v. Pacific Gas & Elec. Co.*, No. CV-F-93-5866-OWW, 1995 WL 819150, at *7 (E.D. Cal. Dec. 18, 1995) (judicially noticing 89 documents, totaling approximately 2,000 pages), *aff'd*, 114 F.3d 858 (9th Cir. 1997) .

Plaintiffs' arguments that the solicitations are "irrelevant" (Opp'n at 2) are likewise ill-founded. Pak Decl. Exs. 1-4 are the solicitations and claims forms that Plaintiffs' Counsel ran against Dollar Tree and Family Dollar *relating to claims they are asserting in the present action*. And Pak Decl. Exs. 5-6 are additional, identical solicitations that Plaintiffs' Counsel ran against dozens of other companies, which are, again, publicly available website sources that reflect substantially identical claims to the ones Plaintiffs assert in the present action. The screenshots of Plaintiffs' Counsel's solicitations "indicate what was in the public realm," and courts in the Ninth Circuit have recognized this to be sufficient for purposes of judicial notice where websites are matters of public record. *See BPI Sports, LLC v. Ellis*, No. CV 14-290 RSWL (ANx), 2014 WL 12573993, at *2-3 (C.D. Cal. Aug. 1, 2014) (taking judicial notice of advertisements and magazine publications as matters of public record).

## II. PLAINTIFFS FAIL TO REFUTE THAT THE COURT MAY ALSO TAKE JUDICIAL NOTICE OF THE DOLLAR TREE WEBSITE, PRIVACY POLICY, AND TERMS BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE COMPLAINT

Dollar Tree established that its Website's Privacy Policy, (Bowman Decl. Ex. 1), Terms (*id.*, Ex. 2), and homepage (*id.*, Ex. 3) can and should be judicially noticed for the additional reason that they are incorporated by reference in the Complaint. (RJN at 6-8.) Plaintiffs do not dispute that the homepage (Bowman Decl. Ex. 3) is judicially noticeable. And Plaintiffs' arguments as to why the Court should not take judicial notice of the Privacy Policy and Terms (Bowman Decl. Exs. 1 & 2) are unavailing.

Relying on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), *aff'd in part, rev'd in part sub nom*., *Kohja v. Province, Inc.*, 805 F. App'x 525 (2020), Plaintiffs assert the Court should not judicially notice "disputed" contracts (Opp'n at 2), notwithstanding that *Khoja* itself reiterated the established rule that courts "'may assume [the incorporated documents'] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Khoja*, 899 F.3d at 1003; *see also In re NVIDIA Corp. Sec. Litig.*, 768 F3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.").

Next, Plaintiffs contend that the Privacy Policy and Terms exhibits that Dollar Tree seeks judicial notice of "are not the relevant versions which could have bound Plaintiffs" and further deem these documents "irrelevant." (Opp'n at 3.) But this argument is refuted by the allegations in Plaintiffs' Complaint. Dollar Tree's RJN exhibits the current version of the Privacy Policy, which is explicitly referenced in the Complaint. (*See* Compl. ¶ 25, n.1 (explicitly referencing and containing a link to the "current version" of the Privacy Policy).) As to the August 2024 version of the Terms that the RJN exhibits, that is the version "which could have bound Plaintiffs" *based on the allegations in Plaintiffs' Complaint* because the Complaint alleges that each Plaintiff visited the website *after* August 2024. (*See id.* ¶ 76 ("In or around December 2024 and January 2025, Plaintiff Walsh visited the Dollar Tree Website.); ¶ 84 ("In or around October 2024, Plaintiff Yosha visited the Dollar Tree

Website."); ¶ 92 ("In or around October 2024, Plaintiff Maldonado visited the Dollar Tree Website".).)

Plaintiffs further argue that the Court should not judicially notice the current versions of Dollar Tree's Terms and Privacy Policy because these versions create a "factual issue" as to whether Plaintiffs agreed to them. (Opp'n at 3.) Plaintiffs cite only one case in purported support for their theory, which *did not rule on* a request for judicial notice. (*Id.* (citing *Sellers v. Bleacher Report, Inc.*, No. 23-cv-00368-SI, 2023 WL 4850180 (N.D. Cal. July 28, 2023).) In *Sellers*, the court ruled on defendant's motion to strike, finding there was insufficient evidence that plaintiff assented to the class action waiver in its website's Terms of Use, rendering the motion premature. *Sellers*, 2023 WL 4850180, at *8. To the extent that *Sellers* discusses a request for judicial notice, it does so merely descriptively and without issuing any reasoning as to the merits of that request, which was based on facts entirely inapposite to the instant case (*e.g.*, plaintiffs sought judicial notice of an email to customers purporting to give notice of modified terms). *See id.* at *7. Contrary to what Plaintiffs contend, *Sellers* does not stand for the proposition that updated versions of website terms are improper subjects of judicial notice, and whether or not Plaintiffs dispute that these versions of the Terms and Privacy Policy apply to them is irrelevant for purposes of whether or not the Court may judicially notice them.

Additionally, Plaintiffs do not dispute that their Complaint "extensively cites and relies on the Privacy Policy" such that it may be incorporated by reference. (RJN at 7.) In the same vein, Plaintiffs fail to refute Dollar Tree's assertion that the Dollar Tree Website Terms may also be incorporated by reference because they, together with the Privacy Policy, comprise part of the same transaction such that the two may be considered as one writing. "Where a writing refers to another document, that other document becomes constructively a part of the writing, and in that respect the two form a single instrument." *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, No. C 10-02605 JW, 2011 WL 13153247, at *7 (N.D. Cal. Mar. 17, 2011); *see also* RJN at 7 (citing *Language Line Servs.*, 2011 WL 13153247, at *7 ("California courts will consider multiple writings between the relevant parties together and apply them as a whole where they make up parts of the same transaction.").) Plaintiffs cite *Chabolla v. Classpass Inc.*, 129 F.4th 1147 (9th Cir. 2025) and

*Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849 (9th Cir. 2022), but neither case addresses what Dollar Tree established in its RJN, and what Plaintiffs cannot now refute: that Plaintiffs may not attempt to reap the benefits of the Privacy Policy while eschewing the Terms that "make up parts of the same transaction." *Language Line Servs.*, 2011 WL 13153247, at *7. By explicitly referencing the Privacy Policy in their Complaint, Plaintiffs, under basic tenets of contract law discussed above, also reference the Terms.[3]

Similarly, Plaintiffs' efforts to distinguish Cal. Civ. Code § 1642, which provides that "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together" as inapposite because it is "'applied to writings executed contemporaneously'" fall flat. (Opp'n at 4.) Plaintiffs cite *Mutual Trading Co. v. Kabushiki Kaisha*, for this proposition, which in fact holds Section 1642 "is likewise applicable to agreements executed by the parties at different times *if the later document is in fact a part of the same transaction*." No. CV 20-05815PA (GJSx), 2021 WL 515399, at *3 (C.D. Cal. Feb. 3, 2021) (emphasis added). Plaintiffs omit this holding because it supports what Dollar Tree has established: that the Privacy Policy and Terms may be construed together such that invoking the one in Plaintiffs' Complaint also invokes the other for purposes of incorporation by reference.

Finally, Plaintiffs ignore and thus concede Dollar Tree's argument that the Terms are also judicially noticeable because they contain a forum-selection clause relevant to Dollar Tree's Motion to Transfer. (*See* RJN at 8 (collecting cases).) Plaintiffs have no answer, so they offer none.

For the foregoing reasons, the Court may also take judicial notice of the Dollar Tree Website's Privacy Policy, Terms, and homepage (Bowman Decl. Exs. 1-3) as documents incorporated by reference in the Complaint.

## III. PLAINTIFFS FAIL TO OVERCOME THAT THE COURT MAY TAKE JUDICIAL NOTICE OF THE ARBITRATION AWARDS AND SUBMISSIONS BECAUSE THEY ARE DOCUMENTS OF PUBLIC RECORD

Finally, Plaintiffs do not refute—as Dollar Tree established in its RJN—that arbitral pleadings and awards are judicially noticeable as documents of public record. (RJN at 8-9.) Courts routinely take judicial notice of arbitration awards and filings in considering motions to dismiss. (*See*

[3] The Privacy Policy and Terms also cross-reference each other. (*See* RJN at 6-7.)

*id.* (citing *Chandler v. State Bar of Cal.*, No. C 08-00437 CRB, 2008 WL 901865, at *1 (N.D. Cal. Mar. 31, 2008) (taking judicial notice of arbitral award); *Tavenner v. Int'l Bus. Machs. Corp.*, No. 21-CV-6345 (KMK), 2022 WL 4449215, at *3 (S.D.N.Y. Sept. 23, 2022) (taking notice of arbitration award exhibited with a motion to dismiss and stating: "Pursuant to [Fed. R. Evid. 201(b)], 'courts have regularly taken judicial notice of arbitration awards… in considering a motion to dismiss'"), *aff'd*, No. 22-2318, 2023 WL 4984758 (2d Cir. Aug. 4, 2023).)

Thus, Pak Decl. Exs. 7-8 (the Final Award and Interim Award issued by the arbitrator in a prior arbitration that Plaintiffs' Counsel brought against Dollar Tree asserting substantially similar underlying claims to the present action) and Pak Decl. Ex. 9 (the arbitration pleadings submitted by Plaintiffs' Counsel in another arbitration that they commenced against Dollar Tree asserting substantially similar underlying claims to the present action) are judicially noticeable as documents of public record. The documents are clearly relevant because they reflect substantially identical claims and circumstances; courts in the Ninth Circuit regularly ascribe relevance to "other related actions filed by plaintiff[s]" for purposes of judicial notice. *Nailing v. Navarro*, No. 2:19-cv-08897-AB-JC, 2021 WL 3630524, at *1 n.1 (C.D. Cal. May 17, 2021); *see also id.* (taking judicial notice of "related" federal and state court filings by plaintiff as "matters which are relevant and appropriate for judicial notice").

Plaintiffs' primary argument for why the Court should not judicially notice the arbitration awards and filings is "because there is a reasonable dispute as to what they establish" (Opp'n at 3 (citing *Khoja*, 899 F.3d at 1000).) In advancing this claim, Plaintiffs flout widely-accepted case law, cited in the RJN, holding that arbitral awards are by their nature "a fact 'that is not subject to reasonable dispute.'" *Klahn v. Quizmark, LLC*, No. C 13-1977 MMC, 2013 WL 4605873, at *1 n.4 (N.D. Cal. Aug. 28, 2013); *see also Transplace Int'l, Inc. v. Motorcar Parts of Am.*, No. CV 16-09355-AB (JCx), 2017 WL 3081688, at *3 (C.D. Cal. Feb. 17, 2017) ("Courts may 'take judicial notice of filing and pleadings in other cases, even where filed in different courts, as such documents are a matter of public record and not subject to reasonable dispute.'").

To the extent that Plaintiffs' Counsel dispute the findings of the arbitrator as set forth in her awards (*see* Opp'n at 3), it is notable that they have not attempted to vacate the awards (because there

is no basis to do so). The Court should otherwise reject Plaintiffs' Counsel's efforts to re-litigate the merits of an arbitration they already lost, and such arguments are in any event irrelevant to whether the Court should take judicial notice of the arbitral awards. *See Cactus Corner, LLC v. U.S. Dep't of Agric.*, 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004) (holding the "existence and authenticity of a document which is a matter of public record is judicially noticeable such as the authenticity and existence of a particular order, pleading, [or] public proceeding" but clarifying the Court need not notice "the veracity and validity of their contents (the underlying arguments made by the parties, disputed facts, and conclusions of fact)"), *aff'd*, 450 F.3d 428 (9th Cir. 2006).

Finally, Plaintiffs also claim that the arbitral awards and the arbitrations are "confidential" (Opp'n at 3) but provide no support for that assertion because there is none.[4]

## CONCLUSION

For the reasons above and in the RJN, the Court should judicially notice Exs. 1-9 of the Pak Declaration and Exs. 1-3 of the Bowman Declaration.

DATED: July 8, 2025 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ *Jason D. Russell*
Jason D. Russell

*Attorneys for Defendant,*
*Dollar Tree Stores, Inc.*

[4] Out of an abundance of caution, Dollar Tree redacted the claimants' names from the arbitration documents simply because the claimants in those arbitrations are not any of the named Plaintiffs in the present action. (*See* RJN at 3, n.2.)